UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC STORMO | ) | Civ. 12-4057-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CITY OF SIOUX FALLS; | ) | |
| R. SHAWN TORNOW; | ) | |
| DAVE MUNSON; | ) | |
| MIKE HUETHER; | ) | |
| PAT KNEIP; | ) | |
| DOUG BARTHEL; and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, City of Sioux Falls, R. Shawn Tornow, Dave Munson, Mike Huether, Pat Kneip, Doug Barthel, and John Doe, moved to dismiss this action alleging that Stormo's claims are barred by the applicable statutes of limitation and because Stormo failed to give the public entity statutory notice of his injuries. Docket 16. Plaintiff, Eric Stormo, resisted that motion and responded by filing an affidavit that included matters outside of the pleadings. Docket 18 & 19. The court converted the motion to dismiss into a motion for summary judgment. Docket 20. Stormo now resists defendants' motion for summary judgment. Stormo also moves to amend his complaint. Docket 26. For the following reasons, defendants' motion for summary judgment is granted in part and denied in part. Stormo's motion to amend his complaint is granted.

## BACKGROUND

The undisputed material facts pertinent to this cause of action, viewed in the light most favorable to the nonmoving party, Stormo, are as follows:

Defendants are current or past employees, agents, or elected officials of the City of Sioux Falls who are being sued by Stormo in their official and individual capacities. Stormo is an individual who alleges that defendants engaged in a pattern or practice of federal civil rights violations from 2005 up to the present that relate to his status as a landowner and landlord. Stormo also sues defendants for a number of state-law tort claims.

Stormo filed this cause of action on April 2, 2012, which is the same date that defendants admitted service of process. Docket 1. On April 13, 2012, defendants moved to dismiss this cause of action, claiming that Stormo failed to provide defendants, as a public entity, notice of his harms and that his claims are barred by the applicable statutes of limitations. Docket 16. Stormo opposed that motion. Docket 18. The court converted the motion to dismiss into a motion for summary judgment because Stormo included matters outside of the pleadings in his response. Docket 20. On October 11, 2012, Stormo moved to amend his complaint. Docket 26. Defendants did not respond.

## STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows that there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

Once the moving party has met its initial burden, the nonmoving party must establish "that a fact . . . is genuinely disputed" either "by citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). "The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

**DISCUSSION**

I. **Statute of Limitations**

    A. **Federal Civil Rights Claims**

Defendants argue that Stormo's claims are barred because he failed to bring his claims within the three-year statute of limitations in South Dakota for an alleged deprivation of a constitutional right. Stormo claims that at least one of the alleged constitutional violations, an unlawful seizure of property, took place within three years of the commencement of this cause of action. Stormo also argues that the statutes of limitations on his claims have either not yet started or that a four-year statute of limitations applies.

Because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. *Bell v. Fowler*, 99 F.3d 262, 265-66 (8th Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985)). Under South Dakota law, "[f]ederal civil rights actions must be brought within three years after the alleged constitutional deprivation occurred." *Sisney v. Best Inc.*, 754 N.W.2d 804, 809 (S.D. 2008) (citing SDCL 15-2-15.2).

The parties do not dispute that defendants acknowledged service of process on April 2, 2012. Defendants initially claimed that "[a]ll of the alleged civil rights violations set forth in Plaintiff's Complaint occurred prior to April 2, 2009." Docket 17 at 3. Later, defendants argued that the *majority* of Stormo's alleged constitutional violations occurred prior to April 2, 2009. Although

Stormo makes a number of federal rights allegations against defendants, rarely does he establish or provide factual support in the record of the date upon which these allegations supposedly occurred.

From the court's understanding of the facts as alleged in the complaint, almost all of Stormo's alleged federal harms occurred prior to April 2, 2009. Additionally, defendants submitted the affidavit of Kathryn Rockwell, who is a legal assistant to the Sioux Falls City Attorney's office. Docket 23. Rockwell's affidavit and attached time line establish that few of Stormo's claims occurred after April 2, 2009, and the majority of his citations, hearings, or appeals against the City of Sioux Falls happened far earlier, in 2005 through 2008. Docket 23-1. The only response that Stormo made to these factual allegations was in regard to one claim that he alleges occurred within the three-year period of limitations.

On the majority of these federal claims, Stormo has failed[1] to carry his burden of bringing forth additional facts or pointing to specific parts of the record that establish that his harms occurred after April 2, 2009, or within the three-year period of limitations. *See Mosley*, 415 F.3d at 910 ("The nonmoving

---

[1] "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citation omitted). Additionally, a court is not " 'required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.' " *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996) (quoting *White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990)).

party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' "); *One Star v. Sisters of St. Francis, Denver, Colo.*, 752 N.W.2d 668, 675 (S.D. 2008) ("When faced with a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden shifts to the plaintiff to establish the existence of material facts in avoidance of the statute of limitations.") (internal quotations and citations omitted). There is no genuine dispute in material fact that the majority of Stormo's federal civil rights claims are barred by the applicable South Dakota three-year statute of limitations for constitutional harms or violations.[2]

Thus, the court grants summary judgment on all but one–which is discussed below–of Stormo's claims that relate to § 1983, the Supremacy Clause, the Dormant Commerce Clause, the First Amendment, the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment. Any

---

[2] Stormo argues that a four-year statute of limitations applies to this claim because his cause of action "arises under an Act of Congress enacted after December 1, 1990." Docket 18 at 4. Stormo claims that the witness retaliation and mail or wire fraud statutes were enacted after 1990. At the core of Stormo's cause of action, however, was a taking of property and deprivation of a constitutional right under § 1983. There is no causal link between the statutes he cites, which are criminal statutes, and the basis of his claim. The three-year statute of limitations in South Dakota that applies to the deprivation of a constitutional right is applicable to this claim. Additionally, Stormo's argument that the statute of limitations had yet to accrue is without merit, and his reliance on *Wallace v. Kato*, 549 U.S. 384 (2007) is misplaced.

6

claims or allegations made by Stormo that defendants violated or conspired to violate 18 U.S.C. §§ 1341, 1343, 1346, 1512, 1513 and 1702, which are criminal statutes, are improper in a civil case and are dismissed.[3]

There is, however, a genuine dispute of material fact as to one of Stormo's federal civil rights claims against defendants that may have occurred within the statute of limitations. Stormo claims that defendants or their agents engaged in a warrantless search and seizure of his personal property in violation of the constitution. Stormo presented evidence that a piece of construction equipment, namely a lift, was on his property the evening of April 2, 2009, and he noticed that the equipment was gone on April 3, 2009, and reported the missing equipment to the Sioux Falls police on that day. Defendants admit that "*most* of the violations complained of in [Stormo's] complaint occurred before April 2, 2009[,]" but defendants did not specifically contradict Stormo's claim that the seizure occurred on April 3, 2009. Docket 22 at 2. Because this cause of action began on April 2, 2012, and there is evidence that the lift was taken on April 3, 2009, there is a genuine dispute in material fact on whether the claim occurred within the statutory period. Summary judgment is inappropriate on this federal civil rights issue.

---

[3] These statutory claims are criminal causes of action and cannot be maintained in a civil suit brought by an individual; therefore, they are properly dismissed. *See Ray v. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion.") (citations omitted).

### B. Pendent State-Law Claims

Stormo also brought the following causes of action based on South Dakota law: trespass, defamation, negligence, theft, intentional infliction of emotional distress, and malicious prosecution.

The torts of negligence, intentional infliction of emotional distress, and malicious prosecution are actions for personal injury; thus, they have a three-year statute of limitations. SDCL 15-2-14(3). Like the majority of his federal claims, Stormo has failed to carry his burden of establishing that any of his alleged harms related to negligence, intentional infliction of emotional distress, or malicious prosecution occurred after April 2, 2009; therefore, those causes of action are barred by the statute of limitations.

Defamation, specifically slander and libel, have a two-year statute of limitations. SDCL 15-2-15(1). Stormo also failed to bring forth any evidence to establish that defendants engaged in defamatory conduct after April 2, 2010, or within the two-year statute of limitations period.

Stormo's claims cannot survive summary judgment without establishing which defendants were responsible for each tort alleged, what conduct gave rise to each tort claim, and, most relevant to a statute of limitations defense, when those torts occurred. Stormo has failed to establish that a genuine dispute of material fact exists as to his negligence, malicious prosecution, defamation, and intentional infliction of emotional distress claims, and those claims are barred by the statutes of limitation.

The statute of limitations for trespass upon real property and for the detaining, taking, or injuring of goods or chattels is six years. SDCL 15-2-13(3)-(4). Stormo's causes of action for trespass and theft (which would properly be viewed as conversion) are covered under this statute of limitations. There is a claim that defendants or their agents went onto Stormo's land without permission or a warrant and unlawfully removed his personal property on April 3, 2009. That date is within the six-year statute of limitations found in SDCL 15-2-13; therefore, this claim is sufficient to survive summary judgment. Stormo's state-law claims for trespass and conversion will proceed.

Stormo also alleges that defendants engaged in a conspiracy and argues that his conspiracy claim is not barred by any statute of limitations because "under criminal conspiracy law the last related violative act starts the statute of limitations clock" and defendants' unlawful acts are ongoing. Although South Dakota recognizes that a *civil* conspiracy[4] claim is essentially an agreement to commit a tort, such a claim is not a separate and independent claim, but is " 'sustainable only after an underlying tort claim has been established.' " *Kirlin v. Halverson*, 758 N.W.2d 436, 455 (S.D. 2008). Thus, the viability of Stormo's civil conspiracy claim is attached to the viability of his underlying tort claims.

---

[4] The necessary elements to establish a prima facie case of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Setliff v. Akins*, 616 N.W.2d 878, 889 (S.D. 2000).

The court has already determined that most of Stormo's state-law claims are barred by the statute of limitations. But because two claims remain, Stormo's civil conspiracy claim can survive summary judgment if he alleged that the conspiracy was to commit trespass or conversion. Stormo brought forth evidence that defendants or their agents went on to his property and seized personal items on April 3, 2009. Stormo also stated in his complaint that defendants were engaged in a conspiracy whereby defendants "conspired to unlawfully retain control of Plaintiff's construction equipment . . . the equipment has not been returned to Plaintiff[,]" and defendants "interfered with and effectively seized other property interests possessed by Plaintiff." Docket 1 at 23. Civil conspiracy "is a well-recognized theory of recovery once an underlying tort is established," so this claim can withstand summary judgment because the trespass and conversion claims survived summary judgment. *Setliff v. Stewart*, 694 N.W.2d 859, 867 (S.D. 2005).

## II.   Failure To Give Notice

Defendants also argue that under South Dakota law, a plaintiff must give notice to a public entity of an injury that he or she sustained because of that public entity within 180 days of the injury. Defendants claim that Stormo did not give them proper notice of his injury; therefore, his claims are barred. Stormo argues that such notice requirements do not apply to federal claims. Stormo also asserts that he gave defendants timely notice of the April 3, 2009,

improper seizure of his construction equipment and other notice of harm letters.

The South Dakota Legislature set out the terms by which tort claims may be filed against public entities in SDCL 3-21-2, which provides:

> No action for the recovery of damages for personal injury, property damage, error, or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place, and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

SDCL 3-21-2. "This Court has interpreted SDCL 3-21-2 as requiring notice of injury for all causes of action sounding in tort." *Wolff v. Sec'y of S.D. Game, Fish, & Parks Dep't*, 544 N.W.2d 531, 534 (S.D. 1996) (citation omitted). Under the statutory scheme, when a municipality is sued the notice is to be provided to the mayor or city finance officer. SDCL 3-21-3.

State-law notice-of-claim requirements, however, do not apply to federal civil rights actions brought under 42 U.S.C. § 1983 in federal or state court. *See Felder v. Casey*, 487 U.S. 131, 140 (1988) (stating that state statutes that require plaintiffs to give public entities notice of claims for federal civil rights causes of actions are not applicable in federal court because "there is . . . no reason to suppose that Congress intended federal courts to apply such rules."); *see also Cottier v. Schaeffer*, Civ. No. 11-4112, 2012 WL 400726, at *4 (D.S.D. Feb. 6, 2012) (noting that "state law notice-of-claim requirements do not apply to federal civil rights actions under 42 U.S.C. § 1983, even when the action is brought in state court."). For this reason, defendants cannot seek protection

from liability on Stormo's federal claims based on this rationale. The notice-of-claim protection, however, is applicable to the remaining state-law claims for trespass and conversion. But because Stormo brought forth evidence that he provided written notice to the City as to the April 3, 2009, seizure, there is a genuine dispute in material fact as to whether Stormo complied with the conditions of SDCL 3-21-2 and gave proper notice of his trespass and conversion claims. Docket 19-2. The South Dakota notice-of-claim provision does not bar Stormo's claims at this stage of the litigation.

## CONCLUSION

The three-year statute of limitations for claims involving federal civil rights bars the majority of Stormo's federal claims because they occurred more than three years prior to the service of process upon defendants. But there is a genuine dispute in material fact as to whether defendants deprived Stormo of a federal right through an event that occurred on April 2-3, 2009, which was prior to the running of the statute of limitations; therefore, that federal claim will survive summary judgment. Stormo's pendent state-law claims of intentional infliction of emotional distress, defamation, negligence, and malicious prosecution are barred by the relevant statutes of limitations. Stormo's trespass and conversion claims survive summary judgment because there is a genuine dispute in fact as to whether they occurred within the six-year statute of limitations. Defendants' argument that Stormo did not provide proper notice of his harm fails as a bar to Stormo's claims. Finally, because

defendants did not oppose Stormo's motion to amend his complaint, his motion is granted. Accordingly, it is

ORDERED that defendants' motion for summary judgment (Docket 16) is granted in part and denied in part. Stormo's federal claim that pertains to the seizure on April 3, 2009, will proceed. Stormo's state-law claims of trespass and conversion also survive summary judgment.

IT IS FURTHER ORDERED that Stormo's unopposed motion to amend or correct his complaint (Docket 26) is granted to the extent it is consistent with this order.

Dated November 21, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE