UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC STORMO, | ) | CIV. 12-4057-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF SIOUX FALLS; | ) | |
| R. SHAWN TORNOW; | ) | ORDER |
| DAVE MUNSON; | ) | |
| MIKE HUETHER; | ) | |
| PAT KNEIP; | ) | |
| DOUG BARTHEL; and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court are various matters, including plaintiff's objections to the magistrate judge's order (Docket 37), defendants' motions for sanctions (Dockets 38, 43), plaintiff's motions to compel (Dockets 42, 50), plaintiff's request for hearing (Docket 45), and defendants' motion for protective order (Docket 46). The court will address each pending matter herein.

I.    **Plaintiff's Objections to Magistrate Judge's Order**

Stormo filed a motion to compel on July 23, 2013 (Docket 30), which this court referred to United States Magistrate Judge John E. Simko (Docket 33). On September 11, 2013, Magistrate Judge Simko issued an order granting in part and denying in part Stormo's motion to compel. Docket 36. Stormo has

since filed objections to the order, requesting that this court vacate the magistrate judge's decision. Docket 37.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may reconsider any pretrial matter determined by the magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Stormo has iterated numerous objections to the magistrate judge's order, most persuasively arguing that the order failed to account for the claims asserted in his second amended complaint. Because the magistrate judge did not take into consideration Stormo's second amended complaint—a filing which Stormo properly requested, to which defendants did not object, and which this court permitted—the court finds that the magistrate judge erred in his review of Stormo's motion to compel. Accordingly, the court vacates the magistrate judge's decision and issues the following rulings[1]:

1.   REQUEST: All information required by the rules to be disclosed.

     RULING: Objection SUSTAINED. This request is too broad. It fails to limit its reach to matters which cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(1).

2.   REQUEST: Any and all City Documents including laws, statutes, ordinances, police manuals, policy manuals or statements, general and special orders, command or operational memos, advice or directives governing the operation of the City of Sioux Falls, the Sioux Falls Police

---

[1] The court's rulings relate to what is understood to be Stormo's most recent request for document production (Docket 30-5) and defendants' objections thereto (Docket 31).

Department, the Sioux Falls Fire Department which the Defendants plan or intend to use as a Defense.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

3.    REQUEST: Any and all Documents, reports, evidence or other information, whether in physical or electronic form or other form, whether held by or accessible to the City of Sioux Falls or any of its subdivisions, officials, employees or agents including the police department which was retained as a result of any of the Notices of Harm or other retention requests filed by Plaintiff, Plaintiff's wife or Plaintiff's parents.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

4.    REQUEST: Any and all Documents, reports, or other information, whether in physical or electronic form or other form, whether held by or accessible to the City of Sioux Falls or any of its subdivisions, officials, employees or agents including the police department which contains or makes direct or indirect reference to the case files for the citations and court cases named, or any other repositories referencing the properties, cases, citations, named in the Complaint including those reports or other sources of information used to form the basis for probable cause.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

5.    Any and all Documents, reports, or other information, whether in physical or electronic form or other form, whether held by or accessible to the City of Sioux Falls or any of its subdivisions, including the police department containing or making direct or indirect reference to Plaintiff's name, Plaintiff's wife's name, Plaintiff's parents name, or any derivation or pseudonym thereof including but not limited to Social Security Numbers, code-names or other identifiers.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

6. REQUEST: Withdrawn.

7. REQUEST: The results of examinations, analysis or tests on all physical, electronic or other evidence seized from Plaintiff, his properties, Plaintiff's wife, her properties or Plaintiffs parents and Plaintiff's parents properties.

   RULING: Objection SUSTAINED. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

8. REQUEST: Any and all Documents, photographs, recordings, videos, transcripts, summaries, movies, diagrams, chain of custody Documents, memorandum or other things derived from the physical scene or evidence in any of the cases, citations or properties referenced in the Complaint.

   RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to alleged incidents which involve plaintiff and plaintiff's property.

9. REQUEST: Any and all investigative reports, including internal investigations of complaints resulting from any of the incidents named in Plaintiff's Complaint.

   RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to alleged incidents which involve plaintiff and plaintiff's property. Defendants must prepare and provide to plaintiff a privilege index regarding any withheld or redacted information.

10. REQUEST: Any and all Documents, photographs, recordings, reports, copies or videos or other records or notes however made of the Plaintiff's property, Plaintiff's image, or Plaintiff's voice, and same for Plaintiff's wife or Plaintiff's parents.

   RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

11.    REQUEST: Any and all Documents from the City to the judges or administrative personnel of the 2nd Judicial Circuit and vice-versa documenting or referencing the procedures, parties and practices of the City before the court. The response may be limited to letters addressed to or mentioning Defendants or Code Enforcement or condemnation or Plaintiff, Plaintiff's wife or Plaintiff's parents.

RULING: Objection SUSTAINED. "[T]he procedures, parties and practices of the City before the court" are not relevant to plaintiff's action.

12.    REQUEST: Any and all photographs, videos, recordings, reports, transcripts, summaries, copies or other records or notes, however made, of the aural, written, and email communications of Plaintiff, Plaintiff's wife or Plaintiff's parents regardless of the format or method used to create or store the documents.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

13.    REQUEST: Copies of any and all records, filings, communications, requests or other means whereby an officer, employee, agent, contractor or subcontractor of the City of Sioux Falls or anyone acting on its request or behalf sought to or did obtain warrants or other authority of any type including Title III wiretaps, national security letters, arrest warrants, wiretaps, surreptitious entry warrants, Title II warrants, subpoenas, or requested the use of any other lawful or unlawful means to obtain or attempt to obtain the contents of any communications, or attempted to or did determine the channels of communications, or attempted to or did access electronic or electronically stored communications, or electronics communications history, or attempted to or did obtain physical positioning information of Plaintiff, Plaintiff's wife or Plaintiff's parents, or attempted to or did intercept aural communications of Plaintiff, Plaintiff's wife or Plaintiff's parents, or attempted to or did obtain access to the property of Plaintiff, Plaintiff's wife or Plaintiff's parents.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

14.    REQUEST: Any documentation memorializing instructions, requests, demands, work orders or other requests for action by one City

subdivision to another or to an external party and referencing Plaintiff, Plaintiff's property or for Plaintiff's wife or Plaintiff's wife's property or Plaintiff's parents or parent's property.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

15.    REQUEST: Any and all written or otherwise recorded statements or notes memorializing statements of witnesses to any of the incidents referred to by case or citation number or property address in Plaintiff's Complaint including those witnesses providing a basis for probable cause.

RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to alleged incidents which involve plaintiff and plaintiff's property.

16.    REQUEST: Any and all records, reports, Documents, or other writings or things memorializing complaints alleging a constitutional violation, or violation of law or policy against the City including against any police officer, law enforcement officer, prosecuting attorney, Code Enforcement Officer, zoning Code Enforcement Officer, health Code Enforcement Officer, building Code Enforcement Officer, fire code inspector or any persons fulfilling such roles that were filed with or maintained by the City of Sioux Falls complaining of conduct under color of law or as a law enforcement officer or as otherwise acting while in the employment of the City of Sioux Falls or while acting as agent or contractor or subcontractor to same.

RULING: Objection SUSTAINED. This request is too broad. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

17.    REQUEST: Withdrawn.

18.    REQUEST: Withdrawn.

19.    REQUEST: Withdrawn.

20.    REQUEST: Withdrawn.

21.   REQUEST: All records documenting access and the results of access to NCIC, NICS, CJIS, LEO, N-Dix or other nationally, regionally or locally operated law enforcement data repositories where the inquiry was directed at Plaintiff, Plaintiff's wife or Plaintiff's parents, their property, their finances, their businesses or their vehicles by any City of Sioux Falls law enforcement officer, official, employee, agent, contractor, subcontractor or other party acting at the request of or on behalf of one of the previously name parties.

RULING: Objection SUSTAINED insofar as the request pertains to documents protected by the work product doctrine or the attorney client privilege. Any documents claimed to be privileged need to be identified on a privilege log that is then disclosed to plaintiff. Defendants must produce all other requested documents related to the claims set forth in plaintiff's unopposed second amended complaint.

22.   REQUEST: Any and all records including purchase orders, invoices and other records documenting the acquisition of surreptitious entry aids including but not limited to lock picking equipment, surreptitious entry or locksmithing training, or the acquisition of contractors or subcontractors to perform surreptitious entry.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

23.   REQUEST: Any and all records or other evidence documenting or referencing the warranted, unwarranted or surreptitious entry to properties owned or controlled by Plaintiff, Plaintiff's parents or Plaintiff's wife.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

24.   Any documentation authorizing, prohibiting or otherwise governing the authorized and unauthorized possession of burglary tools, lock picking or locksmithing equipment or other surreptitious entry equipment by officials, employees, contractors or subcontractors of the City of Sioux Falls.

7

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

25.    REQUEST: Any and all documentation authorizing or discussing the circumstances of authorization whereby City of Sioux Falls officials, employees or others acting under color of law from the City authorized to possess and employ lock picking or other surreptitious entry equipment on duty.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

26.    REQUEST: All documentation documenting access, and results of access to commercial databases including but not limited to credit bureaus, marketing databases, commercial databases or other subscription data repositories where inquiry was directed at Plaintiff, Plaintiff's wife or Plaintiff's parents or the property owned or controlled by those parties or at financial accounts owned or controlled by those parties or by any other identified associated with those parties by any City of Sioux Falls law enforcement official, official, employee, agent, contractor or subcontractor. Access records include invoices.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

27.    REQUEST: Any and all documentation including purchase orders, invoices, search requests, search results and other records documenting the acquisition of real estate title, mortgage or other real estate searches by any City of Sioux Falls law enforcement officer, official, employee, agent, contractor or subcontractor.

RULING: Objection SUSTAINED. This request is too broad. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

28.    REQUEST: Any and all Documents, or other things, whether in physical or electronic form or other form, whether held by or accessible to the City of Sioux Falls or any of its subdivisions, including the police or fire department containing or making direct or indirect reference to Harlan

8

Jacobsen, www.siouxfallsclassaction.com or any derivation or pseudonym thereof including but not limited to Social Security Numbers, DBA's, property names or addresses, code-names or other identifiers. Including any Documents referencing or documenting actions taken in response to his complaints.

RULING: Objection SUSTAINED. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

29. REQUEST: Any and all Documents, or other things, whether in physical or electronic form or other form, whether held by or accessible to the City of Sioux Falls or any of its subdivisions, including the police or fire department containing or making direct or indirect reference to Rodney Fitts or any derivation or pseudonym thereof including but not limited to Social Security Numbers, DBA's, property names or addresses, code-names or other identifiers. Including documentation of any action taken as a result of the complaint of Rodney Fitts before the Mayor and Council on or about February 8th, 2012 and any other complaints.

RULING: Objection SUSTAINED. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

30. REQUEST: Any and all Documents, or other things, whether in physical or electronic form or other form, whether held by or accessible to the City of Sioux Falls or any of its subdivisions, including the police or fire department containing or making direct or indirect reference to Daniel Daily, or any derivation or pseudonym thereof including but not limited to Social Security Numbers, DBA's, property names or addresses, code-names or other identifiers.

RULING: Objection SUSTAINED. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

31. REQUEST: Withdrawn.

32. REQUEST: Any and all materials, orders, directives, reports, memorandum, scripts, rules, policies, regulations, guidelines, statements and other directives, summaries or suggestions issued by the City of Sioux Falls or any of its agencies including but not limited to the police

department, fire department, prosecuting attorney's office, mentioning or discussing any of the following topics including updates made during the relevant time frame:

a)      any circumstance, such as probable cause, under which an investigation must be conducted or an arrest made

b)      any special procedures, clearances, lists, statuses, policies or other documents i [sic] governing the treatment of law enforcement incidences or complaints against sitting or former politicians, celebrities, City officials, City employees, City council members, politically active individuals or other special cases including the family members of same

c)      investigation of allegations of wrongdoing by City officials, or employees, or others acting on their behalf

d)      investigation of allegations of wrongdoing by members of the City Attorney's office

e)      circumstances when an inspection warrant is or is not required

f)      indemnification of officials, employees, or others acting on the City's behalf

g)      use of unmonitored systems such as personal or private email and phones to transact City business or to circumvent City recording and monitoring

h)      the use of color of law powers to attain personal benefit for themselves

I)      the determination or definition of personal benefit or improper personal benefit

j)      tampering with witnesses

k)      retaliation against witnesses

1)      lawful selection of investigation targets

m)      authorized and unauthorized investigations

n)      the unauthorized use of City resources

o)      the use of City resources to commit, further or conceal a crime

p)      the carrying of weapons by Code Enforcement Officers

q)      the simulation or impersonation of carrying a weapon when one is not authorized

r)      promises or implication of non-enforcement or other inducements to recruit others to act on behalf of the City

s)      the carrying of City issued or authorized weapons while committing civil rights offenses or other crimes

RULING: Objection SUSTAINED. This request is too broad. It fails to limit its reach to matters which cannot be obtained from some other source

10

that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(1).

33.   REQUEST: All materials used in the training of City officials, employees, agents, contractors subcontractors, police and other city law enforcement officers including Code Enforcement Officers, or others acting on the City's behalf:

    a)    such as materials to include course outlines, books, manuals, brochures, policy statements, audiovisual materials and so forth including updates occurring during the relevant time period

    b)    referencing entry to inspect property suspected of being in violation of a code

    c)    referencing City indemnification of official, employees

    d)    referencing special treatment to or deference toward sitting politicians, former politicians, celebrities, family members of same and other special cases

    e)    referencing reporting wrongdoing or suspected wrongdoing by other City officials or employees

    f)    referencing reporting wrongdoing or suspected wrongdoing by superiors

    g)    referencing reporting wrongdoing or suspected wrongdoing by prosecutors

    h)    referencing when an inspection warrant is or is not required

    i)    referencing the law of deliberate or willful ignorance

    j)    referencing retention, destruction or spoliation of evidence

    k)    referencing use of unmonitored systems such as personal or private email and phones to conduct City business or to circumvent City recording and monitoring

    1)    referencing whether City employees who use personal communications means including cell phones, emails, texts for City business are subject to search of those devices and resulting documentation (such as invoices) upon an evidentiary request or investigation

    m)    referencing the attainment of personal benefit by employment of their color of law powers

    n)    referencing the definition of personal benefit or improper personal benefit

    o)    referencing tampering with witnesses

    p)    referencing retaliation against witnesses

    q)    lawful selection of investigating targets

    r)    referencing authorized and unauthorized investigations

    s)    referencing the unauthorized use of City resources

t)      referencing the use of City resources to commit, conceal or further a crime

u)      referencing the carrying of weapons by Code Enforcement Officers personnel

v)      referencing the simulation or impersonation of carrying a weapon when one is not authorized

w)      referencing promises of non-enforcement or other inducements to recruit others to act on behalf of the City

x)      referencing the carrying of City issued or authorized weapons while committing civil rights offenses or other crimes

RULING: Objection SUSTAINED. This request is too broad. It fails to limit its reach to matters which cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(1).

34.    REQUEST: Withdrawn.

35.    REQUEST: Withdrawn.

36.    REQUEST: Any and all Documents or other evidence whether in physical or electronic form documenting or referencing the efforts taken to investigate, refer for investigation or prosecution, issue employee incident reports or similar, or otherwise investigate and punish the participants in the events documented by the Plaintiff's Complaint or the inaction since the Complaint was filed.

RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to alleged incidents which involve plaintiff and plaintiff's property.

37.    REQUEST: Any Documentation documenting or referencing property seized by the City under the color of law or authority of Code Enforcement, including the dates and location the items were seized, inventories, disposition of any said property which was not either transported directly to the landfill or sold at public auction regardless of any allegation or determination of value.

RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those

documents relate to alleged incidents which involve plaintiff and plaintiff's property.

38.   REQUEST: Withdrawn.

39.   REQUEST: Any Complaints including the name and address of the Defendants for any Code Enforcement action which was filed in any court by R. Shawn Tornow or another attorney acting for the City of Sioux Falls seeking to enforce a monetary judgment, compel action, seize property, to condemn or any other act within the jurisdiction of the court, in resulting in whole or in part from an actual or alleged violation of a Code Enforcement ordinance, code or law including but not limited to enforcement of nuisance laws or ordinances, or violations of the building code, electrical code, mechanical code, plumbing code, property maintenance code, or fire code.

RULING: Objection SUSTAINED. This request is too broad. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

40.   REQUEST: Withdrawn.

41.   REQUEST: Any Documents memorializing or referencing ownership by any entity, excepting SEC registered publicly traded entities, which are the recipients of pension or other investments by any pension or other fund created or maintained to benefit disabled or retired City officials or employees and within the South Dakota counties of Minnehaha and Lincoln.

RULING: Objection SUSTAINED. This request is too broad. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

42.   REQUEST: Withdrawn.

43.   REQUEST: Withdrawn.

44.   REQUEST: Withdrawn.

45.   REQUEST: Any documentation or communication involving parties outside the City, including utility companies, surveyors, arborists, appraisers, local, City, county, state and federal law enforcement,

13

encouraging, rewarding, documenting, referencing a providing evidence to the City for Code Enforcement or other purposes or otherwise encouraging or assisting Code Enforcement efforts.

RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to alleged incidents that involve plaintiff and plaintiff's property.

46.   REQUEST: A copy of any Documents, orders, determinations, lis pendens or other actions either by the City or a person acting on their behalf alleging, finding, determining or stating that a property is unfit for occupancy, or suspending a certificate of occupancy, or ordering the destruction of a structure, or ordering repairs on a structure, alleged to be resulting in whole or in part from an actual or alleged violation of a code, statue or law including but not limited to enforcement of nuisance laws or ordinances, or violations of the building code, electrical code, mechanical code, plumbing code, property maintenance code, fire code or any other similar codes, ordinances or laws.

RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to alleged incidents that involve plaintiff and plaintiff's property.

47.   REQUEST: Any and all Documents including final reports, notes, work papers, or other things created as part of preparation for or part of the Code Enforcement review presented to the City Council on or around February 9th, 2009.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

48.   REQUEST: Any and all Documents documenting or referencing the selection of enforcement targets and priority of Code Enforcement.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

49.     REQUEST: Documents of Code Enforcement and fire department
        personnel and the supervisors of same who have been on property
        managed by Rodney Fitts including but not limited to reports, notices of
        violation or citations on:
        a)      Amber Leaf, 1301 S Cleveland
        b)      Cedar House, 111 N Cleveland
        c)      Cedar Ridge, 121 N Cleveland
        d)      Conklin Manor, 304 S Conklin
        e)      Golden Valley, 4605 E 26th
        f)      Stoney Hill, 4308 E 26th
        g)      Town Estates 309 S Chicago
        h)      Wollman Estates, 1905 W 42nd
        i)      or others as time to time updated at www.rodsproperty.com

        RULING: Objection SUSTAINED. This request is too broad. Plaintiff has
        failed to demonstrate how this information would tend to prove or
        disprove any of the claims presented in his second amended complaint.

50.     REQUEST: All Documents proposing, justifying, gaining approval to,
        discussing, reporting the removal of the tree in front of 800 S Summit
        Ave including alleged notice to the owner, work orders, reports or
        determinations of an arborist and other decision makers.

        RULING: Objection OVERRULED. Based on plaintiff's unopposed second
        amended complaint, the evidence requested may be relevant to plaintiff's
        claims.

51.     REQUEST: All Documents proposing, justifying, gaining approval to,
        discussing, reporting the placement of a bus stop in front of 800 S
        Summit Ave, the installation of the bus stop, boarding records, work
        orders, policy statements, and traffic studies.

        RULING: Objection OVERRULED. Based on plaintiff's unopposed second
        amended complaint, the evidence requested may be relevant to plaintiff's
        claims.

52.     REQUEST: Any and all Documents issued by a court of competent
        jurisdiction, even when stricken on appeal, or alleged to lack force due to
        dismissal or other reason, in any proceeding or action, to enforce any
        Code Enforcement matter, which proposed to or did suppress evidence
        resulting from an unlawful or unwarranted inspection, which found an
        ordinance, act, policy or custom of the City unconstitutional or unlawful,

15

which found the acts of the City, or a City official, employee, agent, contractor, subcontractor, or person acting on behalf of or at the request of same unconstitutional or unlawful.

RULING: Objection SUSTAINED. This request is too broad. It fails to limit its reach to matters which cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(1).

53.   REQUEST: Any and all declarations of compliance with laws signed or otherwise agreed to by any City officials, employees or others empowered to act in such a manner.

RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to the claims set forth in plaintiff's unopposed second amended complaint.

54.   REQUEST: Documents originated by or delivered or addressed to any of the Defendants which mentions Code Enforcement.

RULING: Objection SUSTAINED. This request is too broad. Nonetheless, defendants must produce the requested documents insofar as those documents relate to the claims set forth in plaintiff's unopposed second amended complaint.

55.   REQUEST: Any and all Documents documenting, discussing or implementing any disciplinary action taken against any of the Defendants.

RULING: Objection SUSTAINED. This request is too broad. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

56.   REQUEST: Any and all Documents for Code Enforcement actions of any type including inspections for building, electrical, plumbing, mechanical, nuisance, health, property maintenance or other Code Enforcement violations during which the police department or another entity provided an armed individual to assist in the enforcement.

16

RULING: Objection SUSTAINED. This request is too broad. Plaintiff has failed to demonstrate how this information would tend to prove or disprove any of the claims presented in his second amended complaint.

57. REQUEST: Any and all Documents documenting investigations, findings, determinations, citations or permits resulting from Plaintiff's complaint about the propane furnace installed in the garage of 1601 S Norton or the placement of the propane tank for same.

RULING: Objection OVERRULED. Based on plaintiff's unopposed second amended complaint, the evidence requested may be relevant to plaintiff's claims.

The court, therefore, vacates Magistrate Judge Simko's order granting in part and denying in part Stormo's motion to compel. Docket 36. Taking into consideration Stormo's objections (Dockets 37, 59), along with his second amended complaint (Docket 34), the court grants in part and denies in part Stormo's motion to compel (Docket 30).

## II.   The Court Denies Defendants' Motion for Sanctions

On October 3, 2013, defendants moved for sanctions and argued that Stormo filed a second amended complaint for improper purposes, namely to "harass the Defendants, cause unnecessary delay, and needlessly increase the cost of litigation." Docket 38. Defendants' objections, however, are untimely. Stormo filed his motion for leave to file a second amended complaint on July 9, 2013. Docket 29. The court waited over a month to rule on this motion, during which time defendants did not object to Stormo's request to amend the complaint or his proposed second amended complaint. *See* Fed. R. Civ. P. 15(a)(13).

17

Accordingly, on August 19, 2013, the court granted Stormo leave to file a second amended complaint. Docket 32. Stormo filed his second amended complaint that same day. Docket 33. Because defendants had an opportunity to object to Stormo's second amended complaint prior to the court's ruling and did not, defendants are not entitled to sanctions against Stormo based on his filing a second amended complaint. Stormo acted in accordance with the Federal Rules of Civil Procedure and this court's order. The court therefore denies defendants' motion for sanctions. Docket 38.

## III.     The Court Grants Plaintiff's Motion to Compel A Response to Interrogatory #1.

Stormo has requested a "complete custodial history of any property seized from Plaintiff, Eric Stormo, including from any properties owned or controlled by him." Docket 42-2. Defendants, however, have not responded to Stormo's interrogatory. Stormo therefore asks the court to compel defendants to respond to his first interrogatory. Because the court believes that the information requested within Stormo's Interrogatory #1 is relevant to claims asserted in the second amended complaint, the court grants Stormo's motion to compel a response to Interrogatory #1 (Docket 42).

## IV.     The Court Grants in Part Defendants' Objections to Interrogatory #2, but Denies Defendants' Corresponding Motion for Sanctions and Request for Hearing.

Defendants have filed objections to Stormo's Interrogatory #2, asserting that the interrogatory is overly broad, unduly vague, burdensome, and was

served for an improper purpose. Dockets 43, 44. Defendants therefore request that in addition to sustaining their objection to Interrogatory #2, the court impose sanctions upon plaintiff for submitting Interrogatory #2. *Id.*

"The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citing *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). Here, defendants argue that Interrogatory #2 is overly broad and burdensome. Although the court agrees that the request set forth in Interrogatory #2 is burdensome in its breadth, the court also finds that the request is relevant as related to the alleged seizure of Stormo's property. Consequently, the court sustains defendants' objections to Interrogatory #2, but nonetheless finds that defendants must produce the requested documents insofar as those documents relate to the alleged seizure of Stormo's property.

With regard to defendants' motion for sanctions, the court finds that defendants have failed to demonstrate that the request was "interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1)(B)(ii). Accordingly, the court denies defendants' motion for sanctions. Docket 43. Similarly, the court denies defendants' corresponding request for a hearing on the matter (Docket 45).

19

**V.     The Court Denies in Part and Grants in Part Defendants' Motion for Protective Order.**

Defendants have requested a protective order forbidding the discovery sought by Stormo in Interrogatories #3 through #8, Document Production Request 2, and Requests for Admissions #1 and #2. Docket 46. Defendants argue that "the vast bulk of [p]laintiff's claims have already been dismissed by this Court," and that the only viable claims that remain include "a federal civil rights claim for an unlawful seizure of [plaintiff's] lift which allegedly occurred on April 3, 2009, and related state law claims for trespass and conversion." Docket 47 at 2. Accordingly, defendants assert that Stormo's discovery requests are unduly burdensome, oppressive, and expensive. *Id.* at 3.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," thereby forbidding a request for discovery. Parties, however, are entitled to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information includes anything that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery requests are therefore broadly construed and should ordinarily be allowed unless it is clear that the information sought has no possible bearing on the claims set forth by plaintiff.

20

With respect to Stormo's Interrogatories #3 through #8, the court finds that defendants have failed to demonstrate good cause for issuing a protective order. Stormo's interrogatories request information about individuals who may have been involved with or have knowledge of the allegations set forth in Stormo's second amended complaint. Docket 47-1. Moreover, Stormo requests the disclosure of information relied upon by defendants "which justifie[s] each and every enforcement action taken against [p]laintiff." *Id.* These interrogatories represent reasonable requests for relevant information, and an order to protect defendants from the annoyance, embarrassment, oppression, or undue burden or expense associated with responding to Interrogatories #3 through #8 is therefore unnecessary.

With regard to Stormo's Document Production Request 2, the court finds that Requests #1 through #8 are relevant to the claims asserted in Stormo's second amended complaint. Moreover, Stormo has described the requested documents therein with "reasonable particularity," thus providing defendants with " 'reasonable notice of what is called for and what is not.' " *St. Paul Reinsurance*, 198 F.R.D. at 514 (quoting *Parsons v. Jefferson–Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)). Defendants have therefore failed to demonstrate that complying with Requests #1 through #8 would cause annoyance, embarrassment, oppression, or undue burden or expense. The court finds, however, that Requests #9 through #11 are overly broad and thus

21

place an undue burden on defendants. Accordingly, the court grants defendants a protective order against Requests #9 through #11 in Stormo's Document Production Request 2, but denies defendants a protective order regarding Requests #1 through #8 in Document Production Request 2.

As for Stormo's requests for admission, the parties did not agree to nor did the court specify an appropriate number of admissions. The court, however, finds that a limit of 25 requests for admissions is appropriate given the facts of this case. The court therefore grants defendants a protective order on any request for admission that exceeds this limitation.

## VI.   The Court Denies in Part and Grants in Part Plaintiff's Motion to Compel.

Stormo filed a brief in opposition to defendants' motion for a protective order and therein requested an order compelling defendants to respond to plaintiff's various discovery requests. Docket 50. Based on the above ruling and further finding defendants' broad objections insufficient to constitute successful objections to plaintiff's discovery requests, the court grants plaintiff's motion to compel insofar as it is consistent with the court's ruling on defendants' request for a protective order. *See St. Paul Reinsurance*, 198 F.R.D. at 511–12 (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982) (quoting *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980))) ("Further, the 'mere statement by a party that the [discovery request] was "overly broad, burdensome, oppressive and irrelevant" is not

22

adequate to voice a successful objection.' "). In other words, the court grants plaintiff's motion to compel with regard to Interrogatories #3 through #8, #1 through #8 in plaintiff's Document Production Request 2, and plaintiff's first 25 requests for admission. Accordingly, it is

ORDERED that plaintiff's objections (Docket 37) to Magistrate Judge Simko's Order (Docket 36) on plaintiff's motion to compel (Docket 30) is granted in part. The court vacates Magistrate Judge Simko's Order (Docket 36) and grants in part and denies in part plaintiff's motion to compel (Docket 30).

IT IS FURTHER ORDERED that defendants' motion for sanctions (Docket 38) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to compel (Docket 42) is granted.

IT IS FURTHER ORDERED that defendants' objections to Interrogatory #2 (Docket 43) are granted in part and denied in part. Defendants' motion for sanctions (Docket 43) is denied.

IT IS FURTHER ORDERED that defendants' motion for hearing (Docket 45) is denied.

IT IS FURTHER ORDERED that defendants' motion for protective order (Docket 46) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff's motion to compel (Docket 50) is granted in part and denied in part.

Dated August 4, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE