UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC STORMO, | 4:12-CV-04057-KES |
| Plaintiff, | |
| vs. | ORDER ON PLAINTIFF'S MOTION TO HAVE REQUESTS DEEMED ADMITTED |
| CITY OF SIOUX FALLS, R. SHAWN TORNOW, DAVE MUNSON, MIKE HUETHER, PAT KNEIP, DOUG BARTHEL, JOHN DOE, | [DOCKET NO. 84] |
| Defendants. | |

**INTRODUCTION**

This matter is before the court on plaintiff Eric Stormo's second amended

complaint alleging claims against defendants under various theories.  See

Docket No. 34.  Following the district court's resolution of an earlier motion to

compel by Mr. Stormo (see Docket No. 60 resolving motion at Docket No. 30),

Mr. Stormo now files another motion seeking to have the court deem certain

requests to admit admitted by defendants, or compelling defendants to file

supplemental responses to Mr. Stormo's requests.  See Docket No. 84.  This

motion was referred to this magistrate judge by the Honorable Karen E.

Schreier, district judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Judge

Schreier's October 16, 2014 standing order.

**DISCUSSION**

Rule 36 of the Federal Rules of Civil Procedure provides a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents. See FED. R. CIV. P. 36(a)(1). Responses to requests to admit may be signed by the party or their attorney, but must be signed by one of them. See FED. R. CIV. P. 36(a)(3).

If the responding party does not admit the matter, the party must specifically deny it. See FED. R. CIV. P. 36(a)(4). If the responding party can neither admit nor deny, the party must explain in detail why it cannot admit or deny. Id. If part of the request can be admitted, the responding party must admit that portion of the request which can be admitted and deny the remaining part of the request. Id. Lack of knowledge can be asserted as a reason for failing to admit or deny, but in such case, the party must make reasonable inquiry of information it has or can readily obtain and must state that such inquiry into such sources of information was insufficient to allow the party to admit or deny. Id.

If the requesting party believes the responding party's response is insufficient, the requesting party may move the court to determine the sufficiency of the response. See FED. R. CIV. P. 36(a)(6). If the court finds the answer insufficient, the court may order that an amended response to the request be served, or may order that the matter be deemed admitted. Id. The

court may wait until the pretrial conference to make a final decision on a motion alleging that a response to a request to admit was insufficient. Id. If a party fails to admit a request to admit and the requesting party later proves the matter to be true, the responding party may be required to pay reasonable expenses and attorney's fees to the requesting party for the cost incurred in making that proof. See FED. R. CIV. P. 37(c)(2).

The purpose of requests to admit pursuant to Rule 36 are to save parties from having to expend time and money proving facts which are readily ascertainable by the other party and not reasonably capable of dispute. Johnson Internat'l Co. v. Jackson Nat'l Life Ins. Co., 812 F. Supp. 966, 987-88 (D. Neb. 1993), aff'd in part and remanded on other grounds, 19 F.3d 431 (8th Cir. 1994). If a party unreasonably fails to admit a matter after being requested to do so, possible sanctions include the costs (including attorney's fees) of the party that served the request to admit in marshaling the evidence necessary to prove the matter. Id. See also FED. R. CIV. P. 37(c)(2). Sanctions can be assessed against not only the party, but his attorney as well. Johnson Internat'l Co., 19 F.3d at 438-49.

Here, Mr. Stormo posed 25 requests to admit to all defendants. Defendants filed an initial response, and then a supplemental response. The court will address only the supplemental response as to sufficiency. That document is found at Docket No. 87-2.

Out of the 25 requests to admit, defendants—each of them—admitted numbers 1, 2, 4, 6, and 15. See Docket No. 87-2. Therefore, no insufficiency

can arise from those requests. Defendants, all of them, denied requests 19, 21, 22, and 25. Id. There is no insufficiency arising from these responses either. If Mr. Stormo ultimately proves the truth of the matters covered in requests 19, 21, 22 and 25, his remedy is to seek reasonable expenses incurred in proving these matters. See FED. R. CIV. P. 37(c)(2). The court will not order defendants to admit these or to provide further information about these requests.

The remaining requests, then, consist of requests to admit numbers 3, 5, 7-14, 16-18, 20 and 23-24. The subject of these requests to admit are a telephone conversation which allegedly occurred between Mary Stormo, Mr. Stormo's wife, and defendant Pat Kneip, a Sioux Falls police officer, on April 3, 2009, in and around the seizure of a lift (a piece of construction equipment), belonging to Mr. Stormo. See Docket No. 87-2.

In request number 3, Mr. Stormo asks defendants to admit that they have no records contradicting the accuracy of a telephone billing statement from Sprint Communications previously submitted at Docket 19-1 in this litigation. Id. Request numbers 5 and 7 ask defendants to admit the accuracy of the Sprint record in terms of its reflection of the calls made in that statement. Id. Defendants' response is that they admit they currently have no documents contradicting the Sprint billing statement, but defendants advise Mr. Stormo that they have contacted their own phone company and will supplement their response to the request to admit if defendants obtain any information which contradicts the Sprint bill at Docket 19-1. Id. at pp. 2-3.

Defendants' answer is perfectly acceptable under the rules of civil procedure. Mr. Stormo's motion as to Request Nos. 3, 5, and 7 is denied.

Request number 8 asks defendants to admit that a specified phone number was used by Officer Kneip on April 3, 2009 between the hours of 12 p.m. and 1 p.m. See Docket No. 87-2 at p.3. Defendants' response is to admit that Officer Kneip spoke to Mary Stormo by telephone on this date between the hours indicated, but that defendants "do not have definitive information establishing the phone number associated with those calls." Id. at p. 4. The court grants Mr. Stormo's motion to compel defendants to provide a more sufficient answer to request number 8. Defendants can certainly access records, either in their own possession or in the possession of their phone carriers, to determine if the Sioux Falls Police Department or Officer Kneip personally had the phone number listed in request number 8 registered to them on April 3, 2009. Defendants are hereby ordered to make inquiry and provide a supplemental response to request to admit number 8.

Request number 9 asks defendants to admit that Officer Kneip spoke to Mary Stormo at approximately 12:42 p.m. on April 3, 2009. See Docket No. 87-2 at p. 4. Defendants admit that Officer Kneip spoke to Mary Stormo between noon and 1 p.m. on that date, but do not admit that the conversation occurred at the specified time. The court grants Mr. Stormo's motion to compel defendants to provide a more sufficient answer to request number 9. Defendants can certainly access records, either in their own possession or in the possession of their phone carriers, to determine the time when the

5

admitted phone conversation took place.  Defendants are hereby ordered to make such inquiry and provide a supplemental response to request to admit number 9.

Requests to admit numbers 10-14, 16-18, and 24 are requests asking defendants to admit that certain things were said during the telephone conversation(s) between Mary Stormo and Officer Kneip during telephone contact on April 3, 2009.  See Docket No. 87-2 at pp. 4-7.  Defendants' response to these is that they can neither admit nor deny the requests because Officer Kneip has no recollection of the conversation with Mary Stormo on April 3, 2009 nor of the seizure of Mr. Stormo's equipment on that date.  Unlike requests number 8 and 9, there is no other source of information defendants can explore to determine the truth or falsity of the representations in these requests.  Unless the calls were recorded, which the court finds unlikely and Mr. Stormo never suggests, Officer Kneip's memory is the only resource defendants can access to answer these requests.  Officer Kneip, quite reasonably, cannot remember a conversation that occurred over six years ago in the routine exercise of his duties as a policeman.  The court, therefore, denies Mr. Stormo's motion as to the sufficiency of defendants' responses to requests numbers 10-14, 16-18, and 24.

Mr. Stormo's request to admit number 20 asks defendants to admit "Standard Procedure as of April 3rd, 2009 would have been for Officer Kneip to first seek an opinion from the member of the City Attorney's office assigned to handle matters involving the police department."  See Docket No. 87-2 at p. 7.

6

Defendants' response is that they are unclear about what Mr. Stormo is asking them to admit and, for that reason, they are unable to admit or deny this request. The court agrees. What is the "standard procedure" to which Mr. Stormo makes reference? Is Mr. Stormo asking whether any police officer assigned to repossess property should contact the city attorney's office first? Or that officers should do so every time the property owner objects to the repossession? Or that officers should do so when they are repossessing property pursuant to a default judgment? The request is unclear. The court will not require defendants to admit or deny a request when it cannot be determined what is being requested.

Finally, request number 23 asks defendants to admit that conversations which occurred between defendant R. Shawn Tornow and Officer Kneip on April 3, 2009 were not attorney-client privileged. See Docket No. 87-4 at p. 8. Defendants object on the basis that this calls for a legal conclusion. Id. The court will grant Mr. Stormo's motion for a more sufficient response to request number 23.

In other discovery matters, see Docket No. 75 and associated pleadings, defendants have asserted the attorney-client privilege as to a number of discovery requests. Defendants are right that, ultimately, the court will determine whether privilege protects these matters from discovery, but defendants must make a choice whether to assert the privilege or not. In addition, Rule 36 allows requests to admit as to "the application of law to fact." See FED. R . CIV. P. 36(a)(1)(A). Deciding whether a particular conversation is

protected by the attorney-client privilege certainly falls with that category. The court orders defendants to file an amended answer to request number 23 indicating whether, in their considered view, the attorney-client privilege applies to the conversation occurring between Officer Kneip and Mr. Tornow on April 3, 2009.

The court notes that Mr. Stormo asks the court to deem his requests to admit admitted. See Docket No. 84. But the court has discretion in deciding whether to require defendants to provide an amended answer to requests 8, 9 and 23, or whether to deem them admitted. See FED. R. CIV. P. 36(a)(6). The court declines, at this stage and state of the record, to apply the rather drastic remedy of deeming the requests to be admitted. Instead, the court will require defendants to serve Mr. Stormo with amended answers.

## CONCLUSION

Plaintiff Eric Stormo's motion to have admissions deemed admitted or to determine the sufficiency of the answers is granted in part and denied in part as follows:

1.     Mr. Stormo's motion to have the admissions deemed admitted is denied as to all 25 requests.

2.     Mr. Stormo's motion as to the sufficiency of requests to admit numbers 8, 9, and 23 is granted; defendants shall file a supplemental response to these requests, after making reasonable inquiry into information readily available to them, within 21 days of the date of this order.

3.     Mr. Stormo's motion is denied in all other respects.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 14th day of August, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

9