UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC STORMO,<br><br>              Plaintiff,<br><br>   vs.<br><br>CITY OF SIOUX FALLS, R. SHAWN TORNOW, DAVE MUNSON, MIKE HUETHER, PAT KNEIP, DOUG BARTHEL, JOHN DOE,<br><br>              Defendants. | 4:12-CV-04057-KES<br><br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL<br><br>[DOCKET NO. 75] |

## INTRODUCTION

This matter is before the court on plaintiff Eric Stormo's second amended complaint alleging claims against defendants under various theories. See Docket No. 34. Following the district court's resolution of an earlier motion to compel by Mr. Stormo (see Docket No. 60 resolving motion at Docket No. 30), Mr. Stormo now files another motion to compel defendants to produce certain documents as to which defendants claim privilege. See Docket No. 75. Defendants resist Mr. Stormo's motion. See Docket No. 78. Mr. Stormo's motion was referred to this magistrate judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A) and the October 16, 2014 standing order of the Honorable Karen E. Schreier, district judge.

## FACTS

In order to understand what claims are before the court, it is necessary to understand the procedural history of this case. Mr. Stormo filed his original complaint with the court on April 2, 2012 asserting a wide range of claims against defendants spanning a long period of time. See Docket No. 1. Defendants rather quickly filed a motion for summary judgment in their favor on April 13, 2012, arguing that Mr. Stormo's claims were barred by the applicable statute of limitations and that Mr. Stormo had failed to give notice of the suit to local governmental entities. See Docket No. 16.[1]

While briefing was still ongoing on the summary judgment motion and before the court had ruled on that motion, Mr. Stormo filed a motion to amend his complaint. See Docket No. 26. This motion went unopposed by defendants.

The district court granted in part and denied in part defendants' summary judgment motion. See Docket No. 27. The court found that the statute of limitations had run on all but a handful of Mr. Stormo's claims. Id. Specifically, as to Mr. Stormo's constitutional/civil rights claims, the court granted summary judgment on all claims except one: the claim that defendants or their agents engaged in a warrantless search and seizure of Mr. Stormo's personal property in violation of Mr. Stormo's constitutional

---

[1] Defendants' original motion was a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). However, because defendants made reference to materials outside the pleadings, the court converted the motion to one for summary judgment. See Docket No. 20.

rights when they entered his property on April 2 or 3, 2009 and seized a lift (a piece of construction equipment). Id. at p. 7.

As to Mr. Stormo's state law claims asserted under the court's pendent jurisdiction, the court likewise found that most of these claims were barred by the statute of limitations. Id. at p. 8. The only claims to survive were Mr. Stormo's claims that defendants trespassed upon his property and converted his property on April 2 or 3, 2009 when they seized his lift. Id. at p. 9. Also, Mr. Stormo's claim that defendants engaged in a civil conspiracy to commit the aforementioned trespass and conversion survived. Id. at p. 10. The court rejected defendants' lack-of-notice argument as to Mr. Stormo's one remaining civil rights claim, and found a material issue of fact existed on the question of notice as to the remaining pendent state law claims. Id. at pp. 11-12.

The court granted Mr. Stormo's motion to amend his complaint—to the extent the amended complaint was consistent with the court's ruling on defendants' summary judgment motion. Id. at pp. 12-13. Thereafter, Mr. Stormo moved to amend his complaint a second time. See Docket No. 29. Again, defendants never responded to the motion. Therefore, the court granted Mr. Stormo's motion and he subsequently filed a second amended complaint. See Docket No. 34.

Mr. Stormo's second amended complaint is a 71-page tome that, despite the district court's summary judgment ruling, continues to assert facts and claims that fall outside the statute of limitations period. See Docket No. 34. It

is clear Mr. Stormo made no attempt to incorporate the court's summary judgment ruling into the substance of his complaint, but rather kept his original complaint largely intact and simply expanded it to add new facts, allegations and claims. Compare Docket No. 1 with Docket No. 34. Generally, Mr. Stormo's claims consist of allegations that defendants have damaged him through engaging in a pattern or practice of conduct directed at Mr. Stormo on the basis of his status as a landlord and landowner. See Docket No. 34.

Mr. Stormo served defendants with various discovery requests, followed by a motion to compel filed with the court when Mr. Stormo disagreed with some of defendants' responses to his discovery requests. The district court resolved that motion to compel by granting some portions of it and denying other portions. See Docket No. 60.

Mr. Stormo's request for the production of documents number 9 asked for "any and all investigative reports, including internal investigation of complaints resulting from any of the incidents named in Plaintiff's complaint." Id. at p. 4. The defendants objected as overbroad and asserted a claim of privilege. Id. The court sustained the objection, ordered defendants to produce the requested documents insofar as they related to incidents involving Mr. Stormo or his property, and to prepare and provide to Mr. Stormo a privilege index regarding any withheld or redacted information. Id.

Mr. Stormo's request number 21 sought the following information:

> All records documenting access and the results of access to NCIC, NICS, CJIS, LEO, N-Dix or other nationally, regionally or locally operated law enforcement data repositories where the inquiry was directed at Plaintiff, Plaintiff's wife or Plaintiff's parents, their

4

> property, their finances, their businesses or their vehicles by any City of Sioux Falls law enforcement officer, official, employee, agent, contractor, subcontractor or other party acting at the request of or on behalf of one of the previously name [sic] parties.

Id. at p. 7. As to this request, too, the district court ordered defendants to produce documents not privileged, and to prepare a privilege log as to documents defendants claimed were privileged and produce the log to plaintiff. Id.

Defendants did as the court requested, producing an initial privilege log (see Docket No. 75-1), then an amended privilege log (see Docket No. 78-3), and finally a second amended privilege log (see Docket No. 91-1). The second amended privilege log is the log the court addresses since it is the most complete and detailed of the logs produced.

## DISCUSSION

The court ordered defendants to produce the withheld documents to the court for *in camera* inspection. The court has now compared those documents against defendants' second amended privilege log. The following rulings are made:

**A. City's Privilege Log Documents 1-22**

    **1. Scope of Attorney-Client Privilege**

City documents 1-22 are letters or emails from defendants' current counsel, or from city attorneys or legal assistants in the city attorney's office to various agency employees within the city. These documents either give legal advice from the attorney to the non-lawyer, or they discuss responses the city is making or plans to make to various matters touching on plaintiff's lawsuit or

5

the underlying city citations that were pending in state court, or they ask for information to provide to plaintiff in one of the two legal forums. Defendants assert these documents are protected by the attorney-client privilege.

Rule 501 of the Federal Rules of Evidence states the following about claims of privilege in federal court actions:

> The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States constitution;
>
> - a federal statute; or
>
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

See FED. R. EVID. 501.

Plaintiff bases his claims on 42 U.S.C. § 1983, so jurisdiction in his case is based on the presence of a federal question under 28 U.S.C. § 1331. Therefore, federal law, not state law, supplies the rule of decision. Since federal law supplies the rule of decision, state law does not govern the question of privilege. See FED. R. EVID. 501; Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985). Federal law governs federal claims even if state law claims are asserted in the same action pursuant to the court's supplemental jurisdiction. Mem. Hosp. v. Shadur, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981).

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The privilege exists for the protection of the client and

shields "confidential communications between a client and [his or] her attorney made for the purpose of facilitating the rendition of legal services to the client." United States v. Yielding, 657 F.3d 688, 706-07 (8th Cir. 2011).

Proposed Rule of Evidence 503 was never enacted by Congress, but the Eighth Circuit has said it provides "a useful starting place for an examination of the federal common law of attorney-client privilege." See Id. at 707 (quoting In re Grand Jury *Subpoena Duces Tecum*, 112 F.3d 910, 915 (8th Cir. 1997) (internal quotation omitted)). Rule 503 provides in pertinent part as follows:

**(a) Definitions**. As used in this rule:

(1) A "client" is a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from him [or her].

(2) A "lawyer" is a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation.

(3) A "representative of the lawyer" is one employed to assist the lawyer in the rendition of professional legal services.

(4) A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

**(b) General rule of privilege**. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between [themself] or [their] representative and [their] lawyer or [their] lawyer's representative, or (2) between their lawyer and the lawyer's representative, or (3) by [themselves] or [their] lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a

7

representative of the client, or (5) between lawyers representing the client.

**(c) Who may claim the privilege**. The privilege may be claimed by the client, . . . The person who was the lawyer at the time of the communication may claim the privilege but only on behalf of the client. His [or her] authority to do so is presumed in the absence of evidence to the contrary.

See Proposed FED. R. EVID. 503.[2]

The attorney-client privilege acts to seal not only the lips of the attorney, but also the lips of any staff persons employed by or working with the attorney. Id. Thus, emails to legal assistants in an attorney's office from the client, and emails to the client from the legal assistant, are protected by the privilege if they otherwise fit within the attorney-client privilege. Id. Here, the court has no trouble reaching the conclusion that the attorney-client privilege protects the documents withheld from discovery and BATES stamped 1-22.

A city attorney can clearly be an "attorney" within the meaning of the privilege. Hollins, 773 F.2d at 196-97. Also, employees within city departments who have conversations with the city attorney or their legal assistant for purposes of obtaining legal advice are clearly "clients" within the meaning of the privilege. Id.; see also Proposed FED. R. EVID. 503 (defining "client" as "person, or public officer"). And the subject of the communications in documents 1-22 are clearly for the purpose of seeking or giving legal advice. The court concludes the attorney-client privilege protects these documents.

---

[2] Proposed Rule 503 uses exclusively male pronouns—"him" and "his." This author has changed the pronoun to a generic "their" or "themselves" in order not to exclude one-half of all practicing lawyers and clients from the scope of the rule.

## 2. Waiver of the Attorney-Client Privilege

Plaintiff asserts that defendants have waived the attorney-client privilege by insufficiently asserting that privilege in response to discovery requests and by insufficiently supporting their claim of privilege once it was asserted. Thus, plaintiff alleges defendants have implicitly, rather than explicitly, waived.

Rule 502 of the Federal Rules of Evidence was adopted in 2007 and addresses waiver of the attorney-client privilege. That rule states in pertinent part as follows:

> **(b) Inadvertent Disclosure**. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
>
> (1) the waiver is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

See FED. R. EVID. 502(b).

Defendants' actions took place in "a federal proceeding," therefore Rule 502(b) applies. Defendants "took reasonable steps to prevent disclosure," including withholding the documents and invoking the privilege. Finally, defendants followed Federal Rule of Civil Procedure 26(b)(5)(B), though their first effort in this regard was definitely lacking.

Defendants' first privilege log identified the date and time (if appropriate) of each of the documents being withheld as well as the author of the document

and the person to whom the communication was sent.  See Docket No. 75-1. Four of the documents listed in the log were authored by city attorneys Shawn Tornow or Paul Bengford, persons who were known to plaintiff to be city attorneys.  Id.  Seven documents were written by Kathy Rockwell, a legal assistant in the city attorney's office, though Ms. Rockwell's title was not given. Id.  The emails were sent to Shawna Goldammer, the Zoning Enforcement Manager; LuAnn Ford in the Department of Health; Kevin Smith, Assistant Director of Planning and Zoning; Kelly Boysen, Property Maintenance Manager; and Dave McElroy.  Id.  Titles of the recipients of Ms. Rockwell's email were not given.  Id.  Other entries are similarly generally identified.  Id.  A number of the documents were written by city employees to Ms. Rockwell.  Id.  The last three documents identified in defendants' first log were authored by Gary Thimsen, present counsel for defendants in this litigation.  Id.  Two of Mr. Thimsen's letters were written to a city attorney, Paul Bengford.  Id.

After this first effort, defendants filed an amended privilege log.  See Docket No. 78-3.  This amended log expanded on the first by identifying documents through BATES stamped numbers, identifying the position or title held by the authors and recipients of various documents, expanded the description of the document, and identified the grounds on which the document was being withheld.  Id.

Defendants produced a second amended privilege log at the court's request which, in addition to the information presented in the amended log,

also tied each document being withheld to a particular discovery request being made by plaintiff.  See Docket No. 91-1.

Rule 26(b)(5) of the Federal Rules of Civil Procedure, to which FED. R. EVID. 502(b) makes reference, provides:

> **(5) Claiming Privilege or Protecting Trial-Preparation Materials.**
>
> (A) *Information Withheld.*  When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed— and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

See FED. R. CIV. P. 26(b)(5).

Defendants satisfied Rule 26(b)(5) eventually.  Their first effort failed to give plaintiff a description of the nature of the document and failed to identify the persons involved by title.  However, plaintiff clearly knows defendant Tornow is a lawyer and that Mr. Thimsen is a lawyer.  The court presumes plaintiff knows the titles or roles many of the other persons identified in the documents too.

And even if defendants' first privilege log was insufficient, they clearly were not intending to waive the attorney-client privilege.  They explicitly invoked the privilege and took reasonable steps to ensure nondisclosure.  That is all FED. R. EVID. 502(b) requires.  Following their initial efforts, defendants

twice amplified the detail in their log to provide plaintiff with the information needed to assess the claim of privilege. The court rejects plaintiff's assertion that defendants have inadvertently waived the attorney-client privilege by failing to prepare an adequate privilege log. The court denies plaintiff's motion to compel as to documents BATES stamped 1-22.

**B.     City's Privilege Log Documents 23-41**

City documents BATES stamped 000023-41 are documents involved in a disciplinary matter involving defendant Tornow before the South Dakota State Bar Disciplinary Board. They arose out of a formal complaint against Tornow filed by plaintiff's mother, Rosalyn Stormo. Defendants assert these documents are confidential pursuant to SDCL § 16-19-99.

Section 16-19-99 provides that all proceedings involving allegations of misconduct or disability of an attorney shall be kept confidential, subject to various exceptions that do not apply here.³ See SDCL § 16-19-99. All participants must keep the proceedings confidential and failure to do so by any person shall subject that person to contempt by the South Dakota Supreme Court. Id.

---

³ One of the exceptions to the required confidentiality is if the disciplinary board files a formal complaint against an attorney with the South Dakota Supreme Court. See SDCL § 16-19-99. There was a disciplinary complaint against defendant Tornow that did become public through this exception. See In re Discipline of Tornow, 2013 S.D. 61, 835 N.W.2d 912. However, this public disciplinary matter against Tornow arose out of a complaint filed against him by the City Attorney for the City of Sioux Falls, not the complaint filed by plaintiff's mother. Therefore, the proceedings involving the complaint filed by plaintiff's mother are still confidential under § 16-19-99.

Plaintiff has not demonstrated that any of the exceptions to confidentiality under § 16-19-99 apply in this case and none appear to be applicable to the court. Accordingly, the court agrees with defendants that the disciplinary matters arising out of Rosalyn Stormo's complaint against Tornow are protected and confidential. Defendants will not be required to turn these documents over to plaintiff.

**C.     City City's Privilege Log Documents 42-94**

City documents BATES stamped 42-63 and 68-73 are all public records apparently filed in the lawsuit against either plaintiff or his mother, Rosalyn Stormo, in state court which form part of the predicate for plaintiff's claims in this lawsuit. The documents were either authored by plaintiff or his mother and filed in a public docket, or they were authored by defendants and filed in a public docket, or they were authored by the state court judge and filed in a public docket. Document BATES stamped 74 is a citation to Rosalyn Stormo issued by the City of Sioux Falls which apparently was bound up in this state court lawsuit.

Defendants claim the privilege of SDCL § 16-19-99, discussed above, for these documents. While the documents may have been filed with the disciplinary board for purposes of either supporting or refuting Rosalyn Stormo's disciplinary complaint against Tornow, the documents themselves originated with a public state court docket. Simply because they later were entered as exhibits in a protected proceeding does not render the documents

13

themselves confidential.  The court orders defendants to produce documents BATES stamped 42-63, and 68-74.

Documents BATES stamped 64-66 are simply copies of selected portions of the Sioux Falls Code of ordinances.  Those are not protected and must be produced.

Document BATES stamped 67 appears to be an explanation provided by Rosalyn Stormo to accompany an exhibit of a CD she provided to the disciplinary board ostensibly of a recording of a hearing that took place in state court.  The document is not protected by SDCL § 16-19-99, the only ground urged by defendants.  Documents BATES stamped 75-77 appear to be exhibits submitted to the disciplinary board by either Rosalyn Stormo or Tornow.  They consist of, respectively, a photograph of a vehicle in front of a structure, an invoice to Rosalyn from the city, and a copy of a notice of violation of city ordinance from the city to Rosalyn.  These documents are not inherently part of the disciplinary action.  They do not acquire protection just because they were submitted as exhibits in that action.  Defendants shall produce documents BATES stamped 67 and 75-77.

Document BATES stamped 78-81 are public opinions issued by state court judges in the underlying state court action giving rise to plaintiff's claims herein.  They are not protected by SDCL § 16-19-99.  Defendants shall produce these documents.

Documents BATES stamped 82-91 are documents publicly filed in a small claims action brought by the city against Rosalyn Stormo. These are not protected. Defendants shall produce these documents.

Documents BATES stamped 92-94 are copies of the procedural rules applicable to disciplinary actions before the state bar disciplinary board. These are public rules available to anyone. Defendants shall produce these documents.

Documents BATES stamped 95-103 are police summary reports from the Sioux Falls Police Department concerning various juveniles. Each document is stamped with the statement: "This report is a confidential record of the Sioux Falls Police Dept. This report, in accordance with SD state law, cannot be disclosed except to law enforcement personnel." Defendants provided copies of these documents to plaintiff with the names and identifying information of the juveniles redacted.

These documents do not appear to be relevant to the claims plaintiff has asserted in this case in any way. On that basis alone the court will not require defendants to produce unredacted versions of the documents. But in addition, because the documents deal with juveniles, none of whom appear to be related in any way to plaintiff or plaintiff's claims, the information about the juveniles named in the documents is deserving of confidentiality absent some showing of extraordinary need by plaintiff. The court notes that plaintiff is apparently satisfied with having received the redacted version of documents 95-103 as he stated that "responsive documents [have been] provided [by defendants] and

15

[documents 95-103 are] not in dispute at this time." See Docket No. 92 at p.1; Docket No. 95 at p.7. Accordingly, plaintiff's motion to compel as to documents 95-103 is denied as moot.

## CONCLUSION

Plaintiff Eric Stormo's motion to compel [Docket No. 75] is granted in part and denied in part as follows:

- the motion is DENIED as to documents BATES stamped 1-41;
- the motion is GRANTED as to documents BATES stamped 42-94;
- the motion is DENIED AS MOOT as to documents BATES stamped 95-103.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson

v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED August 31, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge