UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC STORMO,<br><br>                    Plaintiff,<br><br>   vs.<br><br>CITY OF SIOUX FALLS, R. SHAWN TORNOW, DAVE MUNSON, MIKE HUETHER, PAT KNEIP, DOUG BARTHEL, JOHN DOE,<br><br>                    Defendants. | 4:12-CV-04057-KES<br><br><br>ORDER DENYING MOTION TO STRIKE, GRANTING MOTION TO AMEND SCHEDULING ORDER, AND OVERRULING OBJECTIONS |

**INTRODUCTION**

Plaintiff, Eric Stormo, filed this pro se lawsuit naming the City of Sioux Falls, R. Shawn Tornow, Dave Munson, Mike Huether, Pat Kneip, Doug Barthel, and John Doe as defendants. Stormo objects to Magistrate Judge Veronica Duffy's order (Docket 96) granting in part and denying in part his motion to deem requests for admissions admitted. Docket 101. Stormo again moves to strike discovery responses for defense attorney's failure to sign the responses. Docket 97. He also moves to amend the scheduling order. Docket 99. For the following reasons, Stormo's objections are overruled, his motion to strike is denied, and his motion to amend the scheduling order is granted.

**FACTUAL BACKGROUND**

Stormo filed his complaint in April 2012. Docket 1. He alleged defendants violated his federal civil rights from 2005 to the present because of his status as a landowner and landlord. *Id.* The court granted defendants summary judgment in part and denied it in part. Docket 27. After Stormo amended his complaint, he served defendants with various discovery requests. Stormo disagreed with defendants' responses to his discovery requests and moved to compel discovery. The court granted in part and denied in part the motion to compel. Docket 60.

Stormo requested production of documents from defendants. Docket 30. Request number 9 was for "any and all investigative reports, including internal investigation of complaints resulting from any of the incidents named in Plaintiff's complaint." Docket 30-5 at 4. Defendants objected to this request as overbroad and asserted a claim of privilege. Docket 31. The court sustained the objection, ordered defendants to produce the requested documents insofar as they related to incidents involving Stormo or his property, and ordered defendants to prepare a privilege index regarding any withheld or redacted information. Docket 60.

Mr. Stormo's request number 21 sought the following information:

All records documenting access and the results of access to NCIC, NICS, CJIS, LEO, N-Dix or other nationally, regionally or locally operated law enforcement data repositories where the inquiry was directed at Plaintiff, Plaintiff's wife or Plainitff's parents, their property, their finances, their businesses or their vehicles by any City of Sioux Falls law enforcement officer, official, employee,

>agent, contractor, subcontractor or other party acting at the request of or on behalf of one of the previously named parties.

Docket 30-5 at 6. The district court ordered defendants to produce the unprivileged documents and disclose to plaintiff a privilege log that identified the documents defendants claimed were privileged. Docket 60. Defendants did as the court requested, producing an initial privilege log (*see* Docket 75-1), then an amended privilege log (*see* docket 78-3), and finally a second amended privilege log. *See* docket 91-1.

Stormo filed another motion to compel. Docket 75. The district court referred this motion to Magistrate Judge Duffy. Docket 77. Magistrate Judge Duffy granted in part and denied in part Stormo's motion to compel. Docket 96. Addressing the second amended privilege log, Magistrate Judge Duffy denied Stormo's motion to compel as to documents BATES stamped 1-22 because they were protected by attorney client privilege and defendants did not waive this privilege. *Id.* at 5-12. Additionally, the motion to compel was denied as to documents 23-42 because they were confidential under SDCL 16-19-99. *Id.* at 12-13. The motion to compel was granted as to documents 42-94. *Id.* at 13-15. The motion was denied as moot as to documents 95-103 because they were unrelated to the current proceedings. *Id.* at 15-16. Stormo objects to the denial of his motion as to documents 1-42 but accepts that documents 95-103 are unrelated. Docket 101.

3

**DISCUSSION**

Stormo objects to Magistrate Judge Duffy's denial of his motion to compel, moves to strike defendants' discovery responses, and moves to amend the scheduling order.

### A. Objections To Magistrate Judge Duffy's Denial of Stormo's Motion To Compel

In order for this court to reconsider Magistrate Judge Duffy's ruling, Stormo must show the "order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). He raises eight objections:

> 1) The order erroneously accepts argument as fact contrary to the rules of evidence.
>
> 2) The order did not require defendants to prove each of the elements required to receive the privileges claimed by defendants.
>
> 3) The order neglected to consider whether privilege with respect to city attorney Sean Tornow was waived due to Tornow's repeated participation in the crimes and frauds central to this case.
>
> 4) The order misapprehended the intended purpose of the inadvertent disclosure rule.
>
> 5) The order erroneously equated a state requirement for confidentiality with a federal evidentiary privilege.
>
> 6) The order misapprehends the scope of documents which lose confidentiality in a public disciplinary case.
>
> 7) The summary judgment order was given import beyond that allowed by law.
>
> 8) Defendants should have been required to waive any advice of counsel defense to protect the documents at issue.

Docket 101 at 2.

1. **Objection 1 – The Order Erroneously Accepts Argument as Fact Contrary To the Rules of Evidence.**

Stormo claims defendants have the burden to establish a factual basis for asserting attorney-client privilege. The Eighth Circuit Court of Appeals has found that a defendant "met its burden of providing a factual basis for asserting the privileges when it produced a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its general counsel." *Rabushka ex rel. U.S. v. Crane Co.*, 122 F.3d 559, 565 (8th Cir. 1997). This is exactly what defendants provided. Docket 91-1. The court also held that "offering speculation based on a sampling of the descriptions of documents listed in the privilege log" and offering "no evidence to contradict [defendant's] evidence that the questioned documents were prepared by [defendant's] counsel while acting in a legal capacity" was insufficient to challenge the privilege claim. *Id.* Objection 1 is overruled.

2. **Objection 2 - The Order Did Not Require Defendants To Prove Each of the Elements Required to Receive the Privileges Claimed By Defendants.**

Stormo claims defendants have not shown that the recipients of the documents were clients. The privilege log shows the recipients were legal assistants and city employees and agencies. Docket 91-1. These are all either clients or people attached to the attorney and covered by privilege.

Stormo also objects, questioning whether "the advice was for the benefit of the attorney's employer or was in support of a prosecution." Docket 101 at 6.

5

Stormo claims both that "if the advice is in support of a prosecution, the information is not confidential," *id.*, and "[i]f the communication is not prosecutorial but rather offers advice in support of the employer then there is no prosecutorial immunity, and the advice is not privileged." *Id.* at 7. It is not clear what Stormo means by this, but Magistrate Judge Duffy's finding that privilege applies is not "clearly erroneous or contrary to law."

Finally, in Objection 2, Stormo claims defendants did not show that the documents remained confidential. The privilege log shows the recipients and their positions. Docket 91-1. None of the recipients breaks confidentiality. Stormo argues that certain situations, such as co-mingling confidential and non-confidential documents, show the lack of intent to keep documents confidential. He does not, however, provide evidence that defendants comingled documents. Objection 2 is overruled.

### 3. Objection 3 – The Order Neglected To Consider Whether Privilege with Respect To City Attorney Sean Tornow Was Waived Due To Tornow's Repeated Participation in the Crimes and Frauds Central To This Case.

Stormo objects to Magistrate Judge Duffy's finding that defendants' attorneys did not waive privilege because they participated in "crimes and frauds." Docket 101 at 12. "[T]he party urging discovery must present facts warranting a reasonable belief that the deponent obtained legal advice to further a crime or fraud." *Kilpatrick v. King*, 499 F.3d 759, 766 (8th Cir. 2007) (citing *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 642 (8th Cir. 2001)). Stormo has not met this burden. Magistrate Judge Duffy's failure to address

6

the crime-fraud exception to privilege was not "clearly erroneous or contrary to law." Objection 3 is overruled.

### 4. Objection 4 – The Order Misapprehended the Intended Purpose of the Inadvertent Disclosure Rule.

Stormo objects to Magistrate Judge Duffy's application of the inadvertent disclosure rule. Docket 101 at 16. He argues, "Defendants failed to take the most minimal threshold steps to preserve the privilege such as filing an appropriate privilege log and filing the required affidavits." *Id.* Stormo's objection is invalid; defendants ultimately filed the necessary documents. Docket 91-1. Magistrate Judge Duffy's application of the rule and reasoning was sound and not "clearly erroneous or contrary to law." Objection 4 is overruled.

### 5. Objection 5 – The Order Erroneously Equated a State Requirement For Confidentiality with a Federal Evidentiary Privilege.

Stormo raises numerous issues in this objection. First, he objects to Magistrate Judge Duffy's use of state rather than federal law. Docket 101 at 17. This is simply not true. The order states, "[F]ederal law, not state law, supplies the rule of decision. Since federal law supplies the rule of decision, state law does not govern the question of privilege." Docket 96 at 6. Stormo next objects to Magistrate Judge Duffy's "shielding" public records. Docket 101 at 17-18. As this relates to the public records Stormo seeks, it is untrue. The order states, "City documents BATES stamped 42-63 and 68-73 are all public records . . . . Defendants claim the privilege of SDCL § 16-19-99, discussed

7

above, for these documents. . . . The court orders defendants to produce documents BATES stamped 42-63, and 68-74." Docket 96 at 13-14. As his objection relates to the records the South Dakota Supreme Court reviewed when evaluating the disciplinary complaint against Tornow, Stormo is not entitled to these records under SDCL 16-19-99. Objection 5 is overruled.

      **6.    Objection 6 – The Order Misapprehends the Scope of Documents Which Lose Confidentiality in a Public Disciplinary Case.**

Stormo argues he should have access to documents from a state disciplinary matter involving defendant Tornow that was brought before the South Dakota State Bar Disciplinary Board. Magistrate Judge Duffy found that documents from a formal complaint that were filed by Stormo's mother, Rosalyn Stormo, against Tornow were confidential pursuant to SDCL 16-19-99. Docket 96 at 13. Stormo argues that because the Supreme Court of South Dakota disciplined Tornow in a different case, he should have access to these documents.

Stormo's argument is unclear. If he is arguing he has the right to documents from the disciplinary hearing because it is a court proceeding, he is incorrect under SDCL 16-19-99. Stormo cites *Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014), which concerns same-day viewing of civil complaints. But in *Courthouse*, the court took "no position on the ultimate merits of CNS's claims . . . ." *Id.* at 792-93. Additionally, the court's explanation of the right of access does not support Stormo's argument. "[T]he right of

access may be overcome by an 'overriding [governmental] interest based on findings that closure is essential to preserve higher values.' " *Id.* at 793 n. 9 (quoting *Leigh v. Salazar*, 677 F.3d 892, 898 (9th Cir. 2012)). South Dakota has an interest in keeping disciplinary proceedings confidential in the preliminary stages.

Stormo may be arguing he has the right to access disciplinary files concerning his mother because they were used in a South Dakota Supreme Court case. There is no factual or legal support for this argument. Stormo says the court "was quite clear that they evaluated all [Tornow's] prior disciplinary complaints and included them in their determination." Docket 101 at 20. The court, however, does not mention anything about Stormo or his mother. The case concerns Tornow's interaction with a mayoral candidate and the attorney representing his daughter. *In re Discipline of Tornow*, 835 N.W.2d 912, 916 (S.D. 2013). Stormo does not provide legal support for his argument that evidence should be open to the public. Objection 6 is overruled.

### 7. Objection 7 – The Summary Judgment Order Was Given Import Beyond That Allowed by Law.

Stormo argues that statute of limitations issues were not raised in the court's prior summary judgment order and have not been decided. But the statute of limitations issues were decided. See Docket 26 at 6 ("There is no genuine dispute in material fact that the majority of Stormo's federal civil rights claims are barred by the applicable South Dakota three-year statute of

9

limitations for constitutional harms or violations"). This objection is also irrelevant to Stormo's motion to compel. Objection 7 is overruled.

### 8. Objection 8 – Defendants Should Have Been Required To Waive Any Advice-of-Counsel Defense to Protect the Documents at Issue.

Stormo argues that city employees who are not "legal scholars" should not testify to code and ordinance violations. This is irrelevant to his motion to compel. Stormo also repeats earlier arguments the court previously overruled. Objection 8 is overruled.

### B. Stormo's Motion to Strike

Stormo moves to strike defendants' discovery responses because they were not signed by an attorney or defendants. Docket 97. Defendants' response directs the court to their filing (Docket 87) made in response to Stormo's previous motion on this matter. Docket 84. Stormo also argued this matter in a reply to his own motion. Docket 89. Magistrate Judge Duffy denied this previous motion without discussion. Docket 94. After ruling on the sufficiency of defendants' discovery responses, Magistrate Judge Duffy ordered: "Mr. Stormo's motion is denied in all other respects." *Id.*

Attorneys must sign discovery responses. "Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 26(g)(1). "Other parties have

no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2). Under Rule 36, a response to a request for admission must be "addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Concerning interrogatory responses, the rules state, "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

Stormo's motion to strike is denied. Each of the complained of responses was signed by Kevin Smith. Docket 97, Attachments 3-9. Smith is a city employee, who prepared the defendants' responses and was authorized to sign them. Docket 87 at 3. Gary Thimsen, defendants' attorney, signed the supplemental responses to requests for admissions and the certificates of service. The court finds that the signature of an authorized representative of a party satisfies the signature requirements under the federal rules. Therefore, Stormo's motion to strike is denied.

### C. Stormo's Motion to Amend the Scheduling Order

Stormo claims that he needs more time to complete discovery and moves to extend the scheduled deadlines. Docket 99. Defendants argue Stormo wants never ending discovery. This case is three and a half years old. The scheduling order has already been amended four times. The breadth of Stormo's discovery has not aided a speedy conclusion. Conservation of the court's and the parties'

11

resources is important. Defendants, however, have not been a bastion of efficiency. Defendants requested two extensions to respond to Stormo's discovery demands. Docket 65 and 67. As recently as August 31, 2015, the court ordered defendants to produce documents they claimed were privileged. Docket 96. It took three attempts for defendants to file an adequate privilege log. *See* Dockets 75-1, 78-3, and 91-1.

A discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). The moving party must show cause to modify a schedule. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Because he filed his motion to compel and extend deadlines before the district court's discovery deadline expired, Stormo only needs to demonstrate "good cause" for extending the deadline. Fed. R. Civ. P. 6(b)(1)(A); Docket 83.

Stormo has shown diligence and reasonable justifications for amending the scheduling order. Stormo stated in his motion to modify the scheduling order that he envisions three rounds of discovery. The court warns Stormo that the extent of discovery is limited by this court's scheduling order dated June 18, 2013: namely 25 interrogatories by each party, and 10 depositions for each party. Docket 28. Discovery must be completed by the deadlines set forth

below. Any further motions to extend the deadlines will not be viewed favorably. Good cause having been shown, it is ORDERED

    1. Plaintiff's motion to modify scheduling order (Docket 99) is granted in part. The order dated June 2, 2015, is amended to change the following dates:

        a. Discovery will be completed by January 15, 2016; and

        b. The deadline for filing motions is February 15, 2016.

    2. Plaintiff's motion to strike discovery responses (Docket 97) is denied.

    3. Plaintiff's objections to Magistrate Judge Duffy's denial in part of his motion to compel (Docket 101) are overruled.

Dated October 15, 2015.

                      BY THE COURT:

                      /s/ *Karen E. Schreier*
                      KAREN E. SCHREIER
                      UNITED STATES DISTRICT JUDGE