UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC STORMO,<br><br>               Plaintiff,<br><br>   vs.<br><br>CITY OF SIOUX FALLS, R. SHAWN TORNOW, DAVE MUNSON, MIKE HUETHER, PAT KNEIP, DOUG BARTHEL, and JOHN DOE,<br><br>               Defendants. | 4:12-CV-04057-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER |

**INTRODUCTION**

Plaintiff, Eric Stormo, filed this pro se lawsuit naming the City of Sioux Falls, R. Shawn Tornow, Dave Munson, Mike Huether, Pat Kneip, Doug Barthel, and John Doe as defendants. Defendants move this court to grant a motion for a protective order relieving them from the obligation of responding to Stormo's recent document production requests. Docket 169. Defendants also move the court to impose sanctions on Stormo. *Id.* For the following reasons, defendants' motion is granted in part and denied in part.

**BACKGROUND**

Stormo filed his original complaint in April 2012. Docket 1. He alleged that defendants violated his federal civil rights from 2005 to the present because of his status as a landowner and landlord. *Id.* Defendants moved for

and were granted summary judgment in part. Docket 27.  Stormo then filed a second amended complaint, restating his claims in the original complaint and adding numerous claims. Docket 34 at 1-2. Defendants were granted judgment on the pleadings on a number of these claims. Docket 168.

According to defendants' brief, Stormo served defendants with Document Production Request 10 on May 6, 2016. Docket 170 at 2. Defendants allege that Stormo has submitted over 100 document requests in total. *Id.* Defendants now move for a protective order relieving them of the obligation of responding to Stormo's document production requests, requiring Stormo to pay their expenses, including attorney's fees, and precluding Stormo from submitting further document production requests. *Id.* at 8. On June 28, 2016, Stormo responded to defendants' motion, arguing that his requests were relevant and that defendants should not be granted a protective order. Docket 172; Docket 173-1.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," thereby forbidding a request for discovery. Parties, however, are entitled to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information includes anything that "appears reasonably calculated to lead to the discovery of admissible evidence."

*Id.* Discovery requests are therefore broadly construed and should ordinarily be allowed unless it is clear that the information sought has no possible bearing on Stormo's claims.

As an initial matter, Stormo's response to defendants' motion was untimely. Parties opposing a motion must file a responsive brief within 21 calendar days after service of the motion. D.S.D. Civ. LR 5.2(B). Defendants filed their motion on May 31, 2016, Docket 169, and Stormo filed his response on June 28, 2016. Docket 172. Therefore, his response was untimely. Because of his pro se status, however, the court will consider the arguments he raises in the response.

## I.   Motion for Protective Order

Defendants' motion for a protective order is denied as to request 35. This request seeks information about the "roustabout crew" that Stormo believes seized his property. Dockt 173-1 at 25. He seeks documentation concerning the project concerning his property. *Id.* at 26. This is relevant to his claim of conspiracy to commit trespass and conversion because he seeks information about the planning and executing of the seizure of his property. *Id.* Defendants do not put forth arguments concerning specific requests. They only argue that Stormo's requests in general are cumulative, that the requests are outside the scope permitted by Rule 26(b)(1), and that he has had ample opportunity to obtain the information. Request 35 is none of these. Therefore, defendants' motion for protective order is denied as to request 35. *See Gen. Dynamics Corp.*

*v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) ("Fed. R. Civ. P. 26(c) requires that 'good cause' be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance"). These documents should be produced by August 1, 2016.

Defendants' motion is granted as to the remainder of the document requests. Document requests 1-5 concern the destruction or retention of documents by the Sioux Falls City Government. Docket 173-1 at 1-6. Stormo seeks this information because he believes "it is very unlikely that . . . the City would have generated only approximately 23 emails . . . mentioning the Plaintiff or his relatives." *Id.* at 2. He does not provide any basis for this belief. Documents related to the document destruction or retention policies and practice are not relevant to Stormo's claims and are therefore outside the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

Document requests 6-8, 19, 28, 29, 24, 25, 30-34 concern Stormo's lift after it was seized by defendants, including the nature of its storage in the Waste Water Reclamation Center, documents showing it was actually in the Center, and the security of the Center. Docket 173-1 at 6-25.[1] Stormo seeks this information because he believes defendants tampered with or used his lift while it was in their possession. *Id.* This is irrelevant to his claims. In order to prove conversion, Stormo must show that defendants "exercised dominion or control over or seriously interfered with [his] interest in the property[.]" *W.*

---

[1] Document request 19 seeks a second inspection of the lift, which is not a document request and therefore not an appropriate request under Rule 34.

4

*Consol. Co-op. v. Pew*, 795 N.W.2d 390, 397 (S.D. 2011) (quoting *First Am. Bank & Trust, N.A.*, 756 N.W.2d 19, 31 (S.D. 2008)). Information regarding his lift while it was under defendants' control is not relevant. These documents are not relevant to Stormo's claims and are therefore outside the scope of discovery.

Document requests 13 and 16 concern property that does not belong to Stormo. Docket 173-1 at 11-12, 13-14. These documents are not relevant to Stormo's claims and are therefore outside the scope of discovery.

Document request 14 concerns City auctions from 2005 to the present. *Id.* at 12-13. Stormo seeks this information because he believes it will show how defendants "planned to convert the unlawfully seized property to their personal property[,]" and "would lead to additional parties who were victims of the conspiracy and who could testify . . . ." *Id.* at 12. None of his claims require this information. Therefore, these documents are not relevant to Stormo's claims and are outside the scope of discovery.

Document request 18 concerns disciplinary actions taken against City employees for enforcement against Stormo. *Id.* at 14-15. Stormo has no reason to believe these documents exist other than he believes the defendants blamed other City employees in the legal department during their depositions concerning issues raised in his complaint. *Id.* at 14. He also does not explain how this information is relevant; he only argues that the documents may exist.

These documents are not relevant to Stormo's claims and are therefore outside the scope of discovery.

Document requests 20-23 concern City policies and procedures for obtaining and executing inspection warrants. Docket 173-1 at 15-18. Stormo seeks this information in order to find out whether defendants followed City policy when they searched his property. *Id.* He does not seek information about whether or not defendants had a warrant. " '[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983.' " *Colbert v. Roling,* 233 F. App'x 587, 589-90 (8th Cir. 2007) (quoting *Collins v. Bellinghausen,* 153 F.3d 591, 596 (8th Cir. 1998). Therefore, the information is not related to his illegal search and seizure claim. He does not explain how the inspection warrant policies are related to his claims. These documents are not relevant to Stormo's claims and are therefore outside the scope of discovery.

Document request 27 concerns the Sioux Falls Maintenance Appeals Board charter. Docket 173-1 at 20-21. Stormo argues that this information is relevant because "these boards handle appeals for the citations Plaintiff received . . . ." Id. at 21. None of Stormo's remaining claims concern his appeals of the citations he received. Therefore, these documents are not relevant to Stormo's claims and are therefore outside the scope of discovery.

Document requests 36-37 concern possible internal complaints that the City legal department mail was slow and legal department employees failed to

follow City policy and defendant Tornow's instructions. *Id.* at 26-27. Stormo seeks this information because he claims that defendants alleged that the mishandling of mail or actions by not defendants in the legal department were "responsible for some of the events documented in the complaint." *Id.* at 26. Stormo alleges this information relates to the "misrepresentations made in the default judgment filing." *Id.* These alleged misrepresentations are not relevant to Stormo's claims and are therefore outside the scope of discovery.

Document requests 9-12 and 17 concern time code enforcement meetings in which Stormo or his property were discussed and documents created by or delivered to defendants that mention Stormo or his property. *Id.* at 8-11, 14. These requests directly concern Stormo's claims. They are duplicative, however. Stormo states that document requests 9-12 "are already subject to production under order of the judge as they name the Plaintiff." *Id.* at 8-11. He states that the document production he seeks in request 17 "has been previously ordered." *Id.* at 14. Therefore, these requests are duplicative and defendants' protection order is granted as to these requests. But, this does not negate defendants' obligations to produce documents previously ordered by the court. These documents should be produced by defendants by August 1, 2016.

## II.    Motion for Sanctions

Defendants move this court to sanction Stormo under Federal Rule of Civil Procedure 26 and order him to pay their reasonable expenses, including

attorney's fees because he filed Document Production Request 10. Docket 169.

Under rule 26(g), every discovery request must be signed by the party, if he is

unrepresented. By signing, the party certifies that to the best of his knowledge,

information, and belief formed after a reasonable inquiry, the discovery request

is:

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B). Under Rule 26(g)(3):

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

The court finds that Stormo did not violate Rule 26. Although the court

finds most of the requests inappropriate and grants defendants' motion for a

protective order, Document Production Request 10 does not appear to have

been "interposed for any improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P.

26(g)(1)(B)(ii). The request is based on Stormo's genuine yet mistaken belief that he has the right to access the information in the request.

Document Production Request 10 is also not "unreasonable nor unduly burdensome or expensive" to the best of Stormo's "knowledge, information, and belief." As a pro se litigant, Stormo is not held to the same demands of legal knowledge as an attorney. Even if the court found these requests to be a violation of the rule, it finds that Stormo's lack of legal understanding would be a substantial justification for this violation. *See* Fed. R. Civ. P. 26(g)(3).

Defendants also move the court to sanction Stormo under the court's inherent power to sanction. "A district court's inherent powers 'must be exercised with restraint and discretion,' but allow for district courts 'to fashion an appropriate sanction for conduct which abuses the judicial process.' " *Anderson v. CitiMortgage, Inc.,* 519 F. App'x 415, 417 (8th Cir. 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "This includes assessing 'attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id.* (quoting *Chambers*, 501 U.S. at 45–46). As explained above, Stormo's requests are based on his belief that he has a right to this information, which is not "bad faith." Therefore, the court declines to impose sanctions on Stormo or order him to pay defendants expenses.

### III.    Precluding Further Document Requests

Defendants move the court to sanction Stormo by precluding him from filing more document production requests. The deadline to close discovery was

9

June 6, 2016. Docket 163. This deadline has passed and has not been extended. As a result, neither party can serve further discovery requests on the other party. The only remaining discovery that can occur is depositions. Thus, the motion to preclude further document requests is granted.

## CONCLUSION

Defendants move the court to grant a protective order relieving them from the obligation to respond to Stormo's Document Production Request 10. The court grants this order to all requests other than request 35. This protective order does not affect the court's previous orders compelling defendants to provide certain information.

Defendants also request that the court impose sanctions on Stormo. The court declines to impose sanctions under either Rule 26(g) or its own inherent power. The court precludes any further discovery, except depositions, because the discovery deadline has passed.

Accordingly, it is

ORDERED that Defendants' for Protective Order and Motion for Sanctions (Docket 169) is granted in part and denied in part.

Dated July 14, 2016.

                              BY THE COURT:


                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE