UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC STORMO,<br><br>    Plaintiff,<br><br> vs.<br><br>CITY OF SIOUX FALLS, R. SHAWN TORNOW, DAVE MUNSON, MIKE HUETHER, PAT KNEIP, DOUG BARTHEL, and JOHN DOE,<br><br>    Defendants. | 4:12-CV-04057-KES<br><br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER |

## INTRODUCTION

Plaintiff, Eric Stormo, filed this pro se lawsuit naming the City of Sioux Falls, R. Shawn Tornow, Dave Munson, Mike Huether, Pat Kneip, Doug Barthel, and John Doe as defendants. Defendants move this court to grant a motion for a protective order requiring depositions of Shawna Goldammer and Regan Smith to be limited to one day each and prohibiting Stormo from scheduling and conducting depositions without specifying a deponent. For the following reasons, defendants' motion is denied.

## BACKGROUND

Stormo filed his complaint in April 2012. Docket 1. He alleged that defendants violated his federal civil rights from 2005 to the present because of his status as a landowner and landlord. *Id.* Stormo served defendants with the

original notice to depose Goldammer on December 23, 2015. Docket 183 at 3. Goldammer's deposition was rescheduled numerous times over the following months to fit her schedule, to fit defendants' attorney's schedule, and because of inclement weather. *Id.* During this time, Stormo claims that he requested defendants' and their attorneys' availability numerous times. *Id.* On June 8, 2016, Stormo sent an email to defendants' attorney Gary Thimsen asking what times would be convenient to depose Goldammer and mentioning that he planned to depose her over two days. Docket 184-1 at 2.

On August 5, 2015, Stormo served defendants with notice that he planned to depose Goldammer and Smith on August 18, 2016. Docket 182-1; Docket 182-2. On August 9, 2016, Thimsen told Stormo that he would be out of the state on August 18, and the deposition would have to be rescheduled. Docket 182-3. The next day, Stormo asked for Thimsen's availability in August and told Thimsen that he planned on taking depositions for ten days. Docket 184-2 at 3. Thimsen responded saying that he had "no intention of taking ten consecutive days of depositions" and that because Stormo "chose to bring this lawsuit," it should be him, rather than Thimsen or defendants, that adapts his schedule. *Id.* at 4. Thimsen did not provide his availability.

On August 12, 2016, Stormo served defendants with notice of his plans to carry out a number of depositions between August 18 and August 29, 2016. Docket 182-4. In the "Party Noticed For Deposition" portion of the schedule, Stormo wrote "TBD" for August 23, August 25, August 26, and August 29. *Id.*

2

at 3. On August 17, 2016, defendants' attorney, Morgan Brekke, sent an email to Stormo objecting to this notice. Docket 182-5. Brekke objected to scheduling the Goldammer and Smith depositions over multiple days and using "TBD" instead of scheduling specific witnesses. *Id.* at 1. Brekke also told Stormo that it was too late to supplement his notice. *Id.* at 2. Finally, Brekke gave Stormo until 4:30 that day to respond before defendants' moved for a protective order. *Id.*

Later that day, defendants filed this motion for a protective order. Docket 179. On August 31, 2016, Stormo responded, arguing that his actions had been reasonable. Docket 183.

## DISCUSSION

Defendants move for a protective order to limit the Goldammer and Smith depositions to one day each. Docket 179. They also seek a protective order preventing Stormo from scheduling dates for depositions in which he has not identified a deponent. *Id.* "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* "The burden is therefore upon the movant to show the necessity of [the protective order's] issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements[.]' " *Gen. Dynamics Corp. v.. Selb Mfg. Co.,* 481 F.2d

3

1204, 1212 (8th Cir. 1973) (quoting 8A Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2035 (3d ed. 2016).

## I.    Single-Day Depositions

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(b). Defendants argue that Stormo should be prevented from deposing Goldammer and Smith on different days. Defendants have failed to show good cause; bifurcated depositions do not necessarily violate Rule 30. Defendants claim that this would be oppressive and unfair because it would give Stormo two chances to depose each deponent. Docket 180 at 3. Stormo's original proposal, however, was to depose both Goldammer and Smith in single sessions, but defendants' attorneys either could not or would not agree to those dates. Afterwards, defendants' attorneys did not offer other solutions and did not respond to Stormo's attempts to find one. Stormo also claims that other depositions in this case have been bifurcated. Docket 183 at 4. In this instance, scheduling the depositions over two days is not oppressive or unfair.

Defendants also argue that it would be unduly burdensome and annoying because deponents would have to miss multiple days of work. Docket 180 at 3. Stormo claims that he proposed two different sessions to accommodate the deponents' schedules because they had activities that could not be rescheduled. Docket 183 at 4. Further, defendants' responses to Stormo's notices do not suggest that they were fully cooperating, rather that

they ignored Stormo's requests for their schedules and availability and filed this motion instead of coming up with a suitable time for the deposition. Defendants have not met their burden to show the necessity of a protective order, and their motion is denied.

## II. Scheduling Depositions as "TBD"

Defendants argue that Stormo should be prevented from scheduling depositions without identifying the deponent.

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(1). Stormo failed to do this. He entered "TBD" in lieu of deponent names. Defendants seek a protective order to prevent Stormo from deposing people on these days without further notice. In his response to defendants' motion, however, Stormo claims that he and defendants have agreed to a schedule for depositions. Defendants did not reply. Therefore, the motion for a protective order is denied.

Thus, it is

ORDERED that Defendants' Motion for Protective Order (Docket 179) is denied.

Dated September 19, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE